## The State v. McCormick.

1. Criminal law: MURDER IN FIRST DEGREE: INDICTMENT. An indictment for murder in the first degree, where the killing was not done in the perpetration of or attempt to perpetrate any of the felonies mentioned in section 4192 of the Revision, must charge that the killing was willful, deliberate and premeditated.

2. —— An indictment which charged that the assault was willful, deliberate and premeditated, and that the blow causing death was dealt willfully, deliberately and premeditately, but which did not charge that it was thus dealt for the purpose or with the intent to kill, or that the killing was willful, deliberate and premeditated, was held bad as an indictment for murder in the first degree. The intent to *kill* must be alleged, or words from which the law infers this intent.

3. —— INDICTMENT AT COMMON LAW AND UNDER THE STATUTE. An indictment for murder, which would be sufficient at common law, is not necessarily so for murder in the first degree under the statute.

4. —— REQUISITES OF INDICTMENT FOR MURDER IN FIRST DEGREE. To constitute a good indictment for murder in the first degree, the facts showing the commission of the offense and the degree must be alleged.

5. —— QUERE. Whether, when it is alleged that the killing was committed in the perpetration of or attempt to perpetrate some one of the felonies mentioned in the statute (Rev. § 4192), it is then necessary to allege that the killing was willful, deliberate and premeditated, — *quere*.

6. —— Naming the offense murder in the first degree in the introductory and concluding portions of the indictment is not sufficient, unless the facts charged constitute it such.

7. —— PRESUMPTION ARISING FROM PROOF OF KILLING. The mere proof of killing, without more, does not raise the presumption that it was done willfully, deliberately and premeditately.

*Appeal from Humboldt District Court.*

FRIDAY, JUNE 25.

MURDER: REQUISITE OF INDICTMENT: PRESUMPTION AS TO DEGREE, ETC. — The defendant is indicted for the murder of one William James.

Upon his plea of " not guilty " he was tried, convicted of murder in the first degree, and sentenced to be executed.

From this judgment he prosecutes the present appeal.

The errors assigned by his counsel relate to the sufficiency of the indictment as one charging the offense of murder in the first degree, and to the correctness of certain instructions of the court to the jury.

The indictment is as follows:

State of Iowa, Humboldt county, *ss:*

> The State of Iowa
> *agst.*
> Martin McCormick.

To the District Court for said State, within and for said county, at the May term thereof, in the year of our Lord one thousand eight hundred and sixty-eight.

The jurors of the grand jury of the State of Iowa, within and for said county of Humboldt, legally convoked, impaneled, tried, sworn, and charged in the name and by the authority of the State of Iowa, upon their oaths, do aver, find and present, that Martin McCormick, at and within said county, on the 18th day of December, A. D. 1867, committed the crime of murder, in the first degree, in and upon one William James, then and there being, feloniously, willfully, deliberately, and premeditatedly, and of his malice aforethought, did make an assault, and that the said Martin McCormick,

with a certain piece of a board or slat of a bedstead, the said Martin McCormick in and upon the head of him, the said William James, then and there feloniously, willfully, deliberately and premeditately, and of his malice aforethought, did strike and bruise, giving to him, the said William James, then and there, with the piece of a board or slat aforesaid, in and upon the top and back of the head of him, the said William James, two mortal wounds, of which mortal wounds the said William James then and there instantly died. And so the jurors aforesaid, upon their oaths, do say, that the said Martin McCormick then and there, in the manner and form aforesaid, feloniously, willfully, deliberately and premeditately, and of his malice aforethought, did kill and murder.

Second count: And the jurors, in the name and by the authority of the State of Iowa, accuse Martin McCormick of the crime of murder, committed as follows:

The said Martin McCormick, on the 18th day of December, A. D. 1867, in the county aforesaid, in and upon one William James, then and there being, feloniously, willfully, deliberately and premeditately, and of his malice aforethought, did make an assault on the said William James in some manner and by some means and instrument and weapons to the jury unknown, did then and there feloniously, willfully, deliberately and premeditately, and of his malice aforethought, deprive of life so that the said William James then and there instantly died. And so the jurors aforesaid, on their oaths, do say, that the said Martin McCormick then and there, in the manner and form aforesaid, feloniously, willfully, deliberately and premeditately, and of his malice aforethought, did kill and murder the said William James, contrary to the form of the statutes, in such cases made and provided."

Defendant complains of the 4th paragraph of the court's charge to the jury, which is as follows:

"4. The defendant is presumed to be innocent of the crime with which he is charged until he is proven guilty. But if you find that he did kill the said Wm. James, then the presumptions of law are against him and he is presumed to have intended the act, *and to have done it will-fully, deliberately and premeditately, and of his malice aforethought.*"

The counsel for the defendant insists that this instruction, particularly the latter portion thereof, misstates the law to the defendant's prejudice.

The sections of the statutes of this State relating to murder, its degrees and punishment, are as follows:

"§ 4191. Whoever kills any human being with malice aforethought, either express or implied, is guilty of murder.

"§ 4192. All murder which is perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem or burglary, is murder of the first degree, and shall be punished with death.

"§ 4193. Whoever commits murder, otherwise than is set forth in the preceding section, is guilty of murder of the second degree, and shall be punished by imprisonment in the penitentiary for life, or for a term of not less than ten years.

"§ 4194. Upon the trial of an indictment for murder the jury, if they find the defendant guilty, must inquire, and, by their verdict, ascertain whether he be guilty of murder of the first or second degree; but, if such defendant be convicted upon his own confession, in open court, the court must proceed, by the examination of witnesses, to determine the degree of murder, and award sentence accordingly."

*C. C. Nourse* for the appellant.

*Henry O'Connor*, Attorney-General, for the State.

DILLON, Ch. J. — At a prior term of the court, on calling the case against the defendant, we found that he

1. CRIMINAL LAW: murder in the first degree: indictment.

was not represented by counsel, and was informed that he was in confinement in the jail of this (Polk) county. On examining the very imperfect record which had been transmitted to this court, we discovered that the defendant had been convicted in the first degree and was under sentence of death. The record also showed that he had been defended below by counsel assigned him by the court, on account of his inability to procure for himself professional assistance. We thereupon ordered the sheriff of this county to bring the defendant into court. He seemed to be indifferent to his appeal, without means to procure counsel, and without friends to interest themselves in his behalf. Recognizing the constitutional and statutory right of the defendant "to have the assistance of counsel" (Bill of Rights, § 10; Rev. §§ 4168, 4575, 4685), the court appointed Mr. Nourse to act for him, and he has done so with conscientious fidelity, zeal and ability. Had the defendant been possessed of means ever so great, or surrounded with friends ever so anxious, his interests — let it be mentioned to the honor of our humane system of criminal procedure and to the honor of the bar — could not have been more carefully looked after and his rights more vigilantly guarded. A complete record was not procured until the present term, and the cause having been argued at length by the counsel assigned to the prisoner and by the attorney-general, we proceed to notice and decide the questions presented for our determination. Before doing so, it is proper to observe that the learned

counsel for the State did not in his argument contend for the sufficiency of the second count in the indictment. It is evidently defective, so much so as to suggest the idea that a portion of it had been omitted by the clerk in copying, but on examination we find that it is literally alike in the two transcripts certified at different times. As it stands, it is uncertain, in that it does not charge who it was " that was deprived of life," nor directly in the charging part of the indictment that it was the defendant who killed James. The record also shows that it was the first count upon which the State relied and the trial was had in the court below.

We turn now to the first count. It will be perceived that it contains no allegation that the murder was committed in the perpetration or attempt to perpetrate any of the felonies enumerated in section 4192 of the Revision, copied in the statement; and an instruction which the court gave to the jury at the instance of the State shows that the claim to convict for murder in the first degree was not based upon the evidence tending to establish the commission of a felony, but upon evidence tending to show that the killing was willful, deliberate and premeditated.

It is with this kind of killing only that we have to do in the present case. To make this kind of homicide murder in the first degree, the statute (§ 4192) declares that *the killing must be willful, deliberate and premeditated.* There is no claim or averment that the murder was committed by poison or lying in wait, and for the reasons before given the case is not to be considered as one having reference to the felonies mentioned in section 4192. The killing, then, to make murder in the first degree (and the kind of killing which was relied on below) is one which is willful, deliberate and premeditated.

The State v. McCormick.

The specific objection made to the first count of the indictment is that it does not charge that the killing was willful, deliberate and premeditated. This objection is well founded. The indictment does indeed charge that the assault was willful, deliberate and premeditated; that the blow was dealt purposely, deliberately, with premeditation, *but it does not charge that it was thus dealt for the purpose or with the intent to kill*, or *that the killing, the taking of the life of the deceased, was willful, deliberate and premeditated.* It needs no argument to show that an assault may be willful, deliberate and premeditated, without there being any intent whatever on the part of the assailant to kill or take the life of the person assaulted.

And it is just here that the indictment, considered as one charging murder in the first degree, is defective. This appears from the statute, which is, that " *the killing*," and not simply the assault, must be willful, deliberate and premeditated, in order to constitute murder in the first degree. And the point has been so adjudged under statutes, which, like ours, divide murder into degrees.

The following authorities are precisely in point : *Fouts* v. *The State*, 8 Ohio St. 98; *Kain* v. *The State*, id. 306 ; *Hagan* v. *The State*, 10 id. 459 ; *Fouts* v. *State*, 4 G. Greene, 500 ; *Bower* v. *The State*, 5 Mo. 364 ; *State* v. *Jones*, 20 id. 58. And see 1 Whart. Cr. Law, § 1084 ; *State* v. *Feaster*, 25 Mo. 325.

We are aware that the cases are not uniform respecting the question whether, to constitute a good indictment for 3. —— indict-ment at com-mon law and under the stat-ute. murder in the first degree, it is necessary to allege that the killing was willful, deliberate and premeditated. See the cases on this subject cited in 1 Whart. Cr. Law (5th ed.) § 1115 ; and the subject extensively and most ably discussed by Mr. Bishop, 2 Crim. Proced. § 562 to 597 inclusive.

The State v. McCormick.

This point was presented to the Supreme Court of the State in the case of *Fouts* v. *The State* (4 G. Greene 500), and the court there decided that a " common-law indictment for murder is not necessarily good under our statute for murder in the first degree. GREENE, J. remarks (id. p. 504) that, " In order to present a case of murder in the first degree, it is obvious the indictment should have charged, in addition to the malice aforethought, that the crime was committed willfully, deliberately, and premeditately."

It is in point against the sufficiency of the first count as one charging murder in the first degree. *The State* v. *Johnson* (8 Iowa, 525) does not overrule it in this respect. Having been made, the question this court has to meet is : Are these reasons of such weight as to justify us in overturning it? As a matter of legal principle the reasoning in support of the proposition that an indictment for murder which is sufficient at common law, is not necessarily sufficient for the statute offense of murder in the first degree is unanswerable, at least in a State where, as in Iowa, there are no common-law crimes, and where the Criminal Code is entirely statutory.

There is no principle in the law of criminal pleading more reasonable in itself, and none better understood than the one that the indictment must *fully* charge the crime ; that it must set out all that the law requires to be proved before the penalty of the law can be inflicted, and consequently every thing which changes the nature or increases the degree of the punishment is substantive, and ought to be alleged.

Now, aside from the instances where the killing takes place in the perpetration or attempt to perpetrate some of 4. —— requisites the specified felonies, there is one indispen-of indictment sable element which must be present to make for murder in the killing murder in the first degree, and first degree.

that is, a specific intent to take life. This criminal intent, premeditated and existing in the mind, is what confers upon the killing its peculiar atrocity, and it is this kind of killing against which the statute denounces the death penalty.

If this ingredient is wanting, the offense shrinks to a smaller compass, and is visited with a different and milder punishment.

On principle, why should not the facts which make the offense of the higher grade or degree be required to be set out?

On principle, how can want of averment be supplied by an independent inquiry by the jury and a finding by them of a fact not alleged on the record against the prisoner, viz., that he intended to take the life of the deceased, a fact necessarily included in every finding in cases like the present that he is guilty of murder in the first degree?

Every fact alleged in the body or charging part of the present indictment may be true, and yet the defendant not be guilty of murder in the first degree. That is, the assault may have been willful, deliberate and premeditated, and so with the battery, and death may have ensued therefrom (and this is all that is alleged in the indictment), and yet, unless the defendant made the assault with the specific intent to kill, a fact not alleged, it is not murder in the first degree.

This being so, how, on a verdict of guilty, can a court be authorized upon the record to pronounce the sentence of death?

It cannot, except upon the anomaly that the verdict may find facts not alleged in the indictment, and that by supplementing the charge with the facts found by the jury, putting the two together, the court is advised that the crime is murder in the first degree.

The anomalous nature of this doctrine may be illustrated by commencing with the lower and proceeding up to the higher assaults.

In an indictment for a common assault, this is alone alleged, and though more be proved, the punishment can only be inflicted for the offense charged. If the assault is an aggravated one with a criminal intent, as for example, to kill, to maim, etc.; this aggravation, this intent, must be alleged, and the punishment is limited to the charge on the record and cannot be enlarged by any finding of the jury.

If the assault is with "malice aforethought," this must be alleged, and if death ensues it is murder; but if no more be stated or proved it is only murder in the second degree. But a killing may be with malice aforethought, and yet not be murder in the first degree.

To make the killing murder in the first degree, there must be added to the malice aforethought, the element of an intent to kill, and if so, why should this not be alleged? or words used or facts stated from which the law infers this intent?

After an extensive examination of this subject, Mr. Bishop thus concludes: "The result is, that, according both to principles of common law, and to those principles of natural reason and justice which are inherent in the case, the indictment for murder, where the statute divides it into two degrees, should, if murder of the first degree is meant to be proved against the prisoner, contain those allegations which show the offense to be in this degree." 2 Crim. Proced. § 584.

If a common law form of indictment shows this, as is sometimes the case, it is sufficient under our statute for murder in the first degree; otherwise, it is good only for murder in the second degree.

Without extending the discussion we may observe that we have examined, with care and deliberation, the cases in Pennsylvania and other States which have followed its line of decision holding that it is not necessary for the indictment to designate the grade of the homicide, and that a common-law indictment for murder is sufficient in all cases for murder in the first degree, and that our conclusion is that these cases are of doubtful soundness on principle; but, however this may be in those States, the question is different here where we have no common law crimes and where even murder is statutory.

The fact that the question under examination was, as before mentioned, decided by our predecessors in *Fouts v. The State* (4 G. Greene, 500), and that the view there taken can, as a matter resting on principle, be sustained, has induced us, after much discussion and reflection, to stand by the doctrine of that case and to hold that to constitute a good indictment for murder in the first degree the facts showing the commission of the offense and the degree must be alleged.

Whether, when it is alleged that the killing was committed in the perpetration or attempt to perpetrate some 5. —— quere. one of the felonies mentioned in the statute, it is then necessary to allege, in addition, that the killing was willful, deliberate and premeditated, is a question respecting which we are not required to give any opinion.

The first count of the indictment is therefore good only for murder in the second degree. The conviction for murder in the first degree is unwarranted.

It only remains to remark that there is nothing in the provisions of the statute, referred to by the Attorney-General (Rev. §§ 4652–4659), which can be construed to hold the indictment in the case before us sufficient as one charging murder in the first degree.

Thus naming it in the introductory, and concluding portions of the indictment, is not sufficient, unless the facts charged show that the crime is murder in the first degree. *Kain* v. *The State, supra; Hagan* v. *The State,* 10 Ohio St. 459; *Fouts* v. *The State,* 8 id. 98, and authorities cited.

It will be noticed also that, in the concluding part of the first count of the indictment in the case before us, it is not stated who it was that the defendant " did kill and murder."

II. The fourth instruction to the jury was erroneous because the mere proof of killing without more does not

7. —— presumption arising from proof of killing. raise the presumption, as the court charged, that it was done willfully, deliberately and premeditately, in other words, it does not raise the presumption that the defendant is guilty of murder in the first degree. *State* v. *Turner,* Wright (Ohio) 20; *Hill's Case,* 2 Gratt. (Va.) 594; *People* v. *White,* 24 Wend. 580; *Johnson* v. *Com,* 24 Pa. St. 386; *Kelly* v. *Com,* 1 Grant Cas. (Pa.) 484.

The instruction tells the jury that, if they find that the defendant killed the deceased, the law presumes not only that he intended to kill him, but that he did it willfully, deliberately and premeditately. This is stating the rule too broadly and too strongly. It is suggested that there are cases which will support this instruction. If so, we cannot follow them. But this instruction is claimed to be erroneous only as to the *degree* of the offense. It is admitted by the counsel for the prisoner that the indictment is sufficient as one charging murder in the second degree, and that the above instruction of the court is erroneous only so far as it relates to the degree of the offense.

There is no claim that the evidence does not establish the guilt of the defendant.

HARVARD LAW SCHOOL LIBRARY.

His counsel insists that the record does not warrant a conviction for any higher offense than murder in the second degree. And such is the opinion of this court.

Defendant's counsel asks not for a new trial, but simply that the judgment of the court below be modified by virtue of the power which the statute confers upon this court. Rev. § 4925.

Acting upon the suggestion, to which no objection has been made by the Attorney-General, upon the power given by the statute, upon the precedent in the case of *Fouts* v. *The State, supra,* the circumstances which have come under our observation respecting the prisoner, we are of opinion that the cause of public justice and the safety of community will be best advanced by not ordering a new trial, but by sustaining the conviction as one for murder in the second degree, and adjudging that the defendant be imprisoned for life in the penitentiary of the State.

The circumstances referred to respecting the prisoner are not to be taken as indicating that we have any doubt as to his guilt; or as to the deep, dark, unrelieved enormity of his offense, or that he does not signally merit the punishment denounced against him.

There is no mitigating circumstance unless it may be that the defendant is destitute of any developed moral nature, and acts in obedience to his appetite or his passions without being possessed of any efficient restraint or control over them.

The welfare and safety of society require, as we think, that we should not make his punishment for any less period than the term of his natural life.

Judgment will be entered accordingly.