THE STATE v. FIELDS.

1. **Murder**: INSUFFICENT EVIDENCE: PUNISHMENT OF CHILD: MODIFI-CATION OF SENTENCE ON APPEAL. The defendant, who was a man of peaceable and quiet disposition, stood in the relation of a parent to the deceased, who was a boy about ten years old. For the purpose of punishment, he tied the deceased in a grain sack, and, his attention being diverted from the boy, he left him so confined for several hours, and when he came to release him he was found to be dead. *Held* that the evidence (for which see opinion) did not show that defendant was guilty of willful, deliberate and premeditated murder; and, there being grave doubt whether the indictment was sufficient to charge murder in the first degree, of which the jury found him guilty, and it being conceded by defendant's counsel that he was guilty of manslaughter, the judgment of the district court is, with the consent of the attorney-general, modified, and reduced from imprisonment for life to imprisonment for eight years—the maximum punishment for manslaughter.

*Appeal from Wapello District Court.*

WEDNESDAY, DECEMBER 8.

THE defendant was tried and convicted of the crime of murder in the first degree, and sentenced to the penitentiary for life. He appeals.

*H. B. & L. C. Hendershott,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

ROTHROCK, J.—One ground upon which the defendant bases his claim for a reversal of the judgment is that the indictment does not charge him with murder in the first degree. He relies upon the case of *State v. McCormick,* 27 Iowa, 402. We have examined the indictment in that case, and carefully compared it with the indictment in this, and are in great doubt whether the specific intent to kill is sufficiently charged. It is unnecessary to set out the indictment in this opinion, as we think the case may be disposed of without determining a question which is attended with so much doubt and difficulty.

II. If we understand counsel for the defendant, he concedes that the defendant is guilty of the crime of manslaughter. The facts briefly stated are as follows: The defendant is a colored man, and a laborer in a coal mine in Wapello county. It does not appear that he is married. He lived in a house near where he worked. The deceased was a colored orphan boy, about ten years old, and he had lived with the defendant some two or three years. It appears that the boy had been in the habit of running away from home, and was disobedient. The defendant stood in the relation of a parent to the boy, so far as directing his conduct and controlling his actions were involved. At times he punished him with a switch, but it does not appear that such punishment was exces-

sive or cruel.   Another method of punishment adopted was to put him in a grain sack, and tie him in it.   The grain sack had one or two holes in it.   He put him in this sack in the month of July, 1885, and deposited him near the house, tied up in the sack.   Some of the defendant's acquaintances came to defendant's house, and engaged with him in drinking some whiskey.   The boy was allowed to remain in the sack for several hours, and, when attention was given to the matter, he was found to be dead.   There were some wounds and bruises on his person, but not such as would likely produce death, and there was no evidence tending to show how or by whom the wounds were inflicted.   The defendant was shown to be a man of a peaceable and quiet disposition.   Now, while the punishment of the boy was cruel and revolting, we do not think the evidence shows that the defendant was guilty of willful, deliberate and premeditated murder, and, in view of the very great doubt as to the sufficiency of the indictment, and at the suggestion of defendant's counsel, and with the consent of the attorney-general, we have concluded to reduce the sentence to the maximum punishment authorized for the crime of manslaughter.   The judgment of the district court will therefore be modified to imprisonment in the penitentiary for eight years.   See *State v. McCormick, supra.*

MODIFIED AND AFFIRMED.