JOHN SCHAFFER, PLAINTIFF IN ERROR, V. THE STATE
OF NEBRASKA, DEFENDANT IN ERROR.

1. **Murder.** Intent or purpose to kill is essential to constitute
the crime of murder in the first or second degree as defined by
sections three and four of the criminal code, and this intent
must be specifically and directly averred as part of the descrip-
tion of the offense in every indictment for either of those crimes.

2. ———: AVERMENTS OF INDICTMENT. An averment that the
accused " feloniously, purposely, and of deliberate and premed-
itated malice " did make an assault on the deceased, and that
he then and there " feloniously, purposely, and of his deliberate
and premeditated malice did shoot " the deceased with a gun
loaded, etc., inflicting a mortal wound, of which the deceased
then and there instantly died, does not satisfy the requirements
of the law ; for though the accused may have purposely and of
deliberate and premeditated malice assaulted the deceased and
shot him, it does not follow that the shooting was with the
design and purpose to produce death.

3. ———: ———. Where the purpose to kill is not averred by way
of description of the offense, the omission cannot be aided by
the ordinary formal conclusion of the indictment, which avers
that " so " the jurors do find and say that the accused " did in
manner and form aforesaid feloniously, purposely, and of his
deliberate and premeditated malice kill and murder " the de-
ceased. Such allegation being nothing more than a legal con-
clusion arising from the facts previously stated, cannot cure any
defects in the premises on which it assumes to be predicated.

4. ———: INSTRUCTION numbered thirteen copied from instruc-
tion numbered nine in *Williams v. The State*, 6 Neb., 334, and
printed therein at page 336, criticised, and the concluding words
thereof held unnecessary.

ERROR to the district court for Kearney county. Tried
below before GASLIN, J.

*Greene & Hostetler* and *J. E. Shipman*, for plaintiff in
error, on thirteenth instruction, cited : *Runyan v. State*, 57
Ind., 80. *Frederick v. Ballard*, 16 Neb., 564. *Little*

*Miami R. R. v. Wetmore,* 19 Ohio State, 111. *State v. Howard,* 14 Kan., 173. Wharton Crim. Law, 9th Ed., Sec. 486. *Ballard v. State,* 19 Neb., 609. *Walters v. State,* 39 Ohio State, 216. *State v. Porter,* 34 Iowa, 131.

*William Leese, Attorney General (J. L. McPheely,* with him), for the state, cited: *Williams v. State,* 6 Neb., 336.

REESE, J.

Plaintiff in error was convicted of the crime of murder in the first degree, and sentenced to be hanged. He alleges error and brings the cause into this court for review. The indictment is as follows:

"THE STATE OF NEBRASKA, ⎫
    KEARNEY COUNTY. ⎬ ss.
    ⎭

"Of the November term of the district court of the eighth judicial district of the state of Nebraska, within and for Kearney county, in said state, in the year of our Lord one thousand eight hundred and eighty-six, the grand jurors, chosen, selected, and sworn in and for the county of Kearney, aforesaid, in the name and by the authority of the state of Nebraska, upon their oaths, present: that John Schaffer, late of the county aforesaid, on the eighth day of November, in the year of our Lord one thousand eight hundred and eighty-six, in the county of Kearney and state of Nebraska, aforesaid, did feloniously, purposely, and of his deliberate and premeditated malice, make an assault on one William H. Smith, then and there being, and a certain gun which then and there was loaded with gunpowder and thirty leaden shot, and by him the said John Schaffer had and held in both his hands, he, the said John Schaffer, did then and there feloniously, purposely, and of his deliberate and premeditated malice, shoot off and discharge at and upon the said William H. Smith, and thereby and by thus striking the said William H. Smith

with the said thirty leaden shot, inflicting on and in the head of him, the said William H. Smith, one mortal wound, of which said mortal wound the said William H. Smith then and there instantly died. And so the grand jurors aforesaid, on their oaths aforesaid, do find and say that the said John Schaffer did in manner and form aforesaid feloniously, purposely, and of his deliberate and premeditated malice, kill and murder the said William H. Smith, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska." Signed by the district attorney.

The question here is, does this indictment charge the crime of murder in the first degree under the statutes of this state?

Section 3 of the criminal code is as follows: "If any person shall purposely, and of deliberate and premeditated malice, or in the perpetration, or attempt to perpetrate any rape, arson, robbery, or burglary, or by administering poison or causing the same to be done, kill another; or if any person by willful and corrupt perjury, or by subornation of the same, shall purposely procure the conviction of an innocent person; every person so offending shall be deemed guilty of murder in the first degree, and, upon conviction thereof, shall suffer death."

The provisions of this section, as applicable to the case at bar, are, that if any person shall purposely, and of deliberate and premeditated malice, kill another, every person so offending shall be deemed guilty of murder in the first degree, etc. The killing must be done purposely, and of deliberate and premeditated malice. That is, there must be an intent or purpose to kill at the time of the commission of the act, and the killing must be deliberately and premeditately done. This is the plain and obvious meaning of the statute. Applying this statute to the indictment, we find an entire want of any allegation of an intent or purpose to kill. It is alleged that the assault was purposely

made, and that the gun was purposely discharged, but with what intent or purpose these acts were done is nowhere alleged. The pleader has followed a precedent for an indictment for murder under the common law, and this would have been sufficient had not the legislature by the enactment of the section above quoted changed the essential ingredients or constituent elements of murder. At common law there were no degrees of murder, and there were but two degrees of felonious homicide. These were murder and manslaughter. By the statute we have two degrees of murder—the first and second—and manslaughter. At common law murder is defined to be the unlawful killing of any reasonable creature, in being and under the king's peace, with malice aforethought, either expressed or implied. 4 Bl. Com., 198.

In Russell on Crimes, 482, it is defined as the unlawful killing of a human being under the king's peace, with malice, prepense, or aforethought, either express or implied by law. A purpose or design to kill is not an essential ingredient. But the rule of the common law has been changed, and the purpose, design, or intent to kill must now be alleged.

In Maxwell's Criminal Procedure, 176, it is said: "It is essential to the sufficiency of an indictment for murder in the first degree, under the statute, that it contain a direct and specific averment of the purpose or intention to kill, or intention to inflict a mortal wound, in the description of the crime."

This question was before the supreme court of Ohio in *Fouts v. The State*, 8 Ohio St., 98, in the year 1857, under a statute from which the section above quoted has since been copied, and it was there held by a majority of the court, in an indictment substantially like the one in this case, that it was essential to the sufficiency of an indictment for murder in the first degree that it contain a direct and specific averment of the purpose or intention to kill or in-

tention to inflict a mortal wound, in the description of the crime. So also in *Robbins v. The State*, Id., 131, where the accused was convicted of murder in the first degree by the administration of poison, it was held that the conviction could not be sustained where there was no allegation of the purpose or intent to kill the deceased.

In *Kain v. The State*, Id., 306, which was a conviction of murder in the second degree, by shooting, as in this case, and where the indictment was in all essential respects like the one in this case, the judgment was set aside owing to the want of an allegation of the purpose or intent to kill, it being held that such purpose was an essential element of the crime as defined by the statute.

In *Hagan v. The State*, 10 Id., 459, the same question was before the same court, and resulted in a like decision. We quote from the first and second points in the decision:

*First.* "Intent or purpose to kill is essential to constitute the crime of murder in the first or second degree as defined by the statutes of Ohio; and this intent must be specifically and directly averred as a part of the description of the offense in every indictment for either of these crimes."

*Second.* "An averment that the accused 'purposely and of deliberate and premeditated malice, did strike' the deceased, thereby inflicting a mortal wound, of which the deceased afterward died, does not satisfy the requirements of the law, for though the accused may have purposely and maliciously struck the deceased, it does not follow that the stroke was given with a design to produce death."

In *The State v. Brown*, 21 Kansas, 38, it was held that, "where an indictment for murder charged substantially that the defendant deliberately and premeditatedly committed an assault and battery upon the deceased by shooting him with a pistol loaded with gunpowder and leaden balls, and thereby inflicted a mortal wound, from which wound the deceased died, but did not anywhere charge that

36

the defendant committed the assault and battery, or did the shooting or killing with the deliberate and premeditated intention of killing deceased," it was held, under a statute similar to ours, that the indictment did not charge murder in the first degree.

The case of *Leonard v. The Territory of Washington*, 7 Pacific Reporter, 872, was where the plaintiff in error was indicted for the crime of murder in the first degree, and upon trial was found guilty as charged, and sentenced to be hanged. The section of the territorial statute under which he was prosecuted was as follows : " Every person who shall purposely and of deliberate and premeditated malice, or in the perpetration or attempt to perpetrate any rape, arson, robbery, or burglary, or by administering poison, or causing the same to be administered, kill another, every such person shall be deemed guilty of murder in the first degree," etc. The indictment was almost identical with the indictment in this case, so far as the charge of killing was concerned, it being alleged that the accused, "in and upon one Ambrose Patton, feloniously, purposely, and of deliberate and premeditated malice, did make an assault, and that the said Andrew Leonard, with a certain gun then and there loaded and charged with leaden bullets, then and there feloniously, purposely, and of deliberate and premeditated malice did discharge and shoot off, against and upon the said Ambrose Patton," etc., and it was held that the indictment was insufficient to sustain the conviction. See also *Fouts v. The State*, 4 G. Greene (Iowa), 500, and *State v. McCormick*, 27 Iowa, 402.

It may be suggested that the latter clause, or conclusion, of the indictment, " and so the grand jurors aforesaid, on their oaths aforesaid, do find and say," etc., brings the case within the rule here stated. This cannot be held to cure the defect, and it has been so decided in *Leonard v. The Territory, Hagan v. The State, Kain v. The State*, and *Fouts v. The State, supra*. See also Maxwell's Cr. Pr., 185. See also *Smith v. State*, 4 Neb., 277.

Objection is made to instruction numbered thirteen, given by the court to the jury. This instruction need not be here set out at length, as it was copied from the ninth instruction given in *Williams v. The State*, 6 Neb., 334, and is there printed at page 336. While this instruction appears to have had the approval of this court in the very able opinion written in that case by Chief Justice Lake, yet it is apparent that it was not then before the court, and was only referred to by the writer of that opinion as a correct statement of the law giving the right to defend against threatened personal violence. I think the instruction is, perhaps, objectionable by reason of the words "if you are fully satisfied that he was fully excused or justified under the circumstances in taking the life of the deceased." As I read it, the instruction would be complete without those words, and their addition could only serve to unnecessarily impress upon the jury the fact that they must find that the accused "was fully excused or justified" in taking the life of the deceased. While it is possible that the error, if any, would not be so far prejudicial as to call for a reversal of the judgment, yet I think the words quoted might with safety and propriety be omitted.

Other objections to the judgment of the court below are presented, but as they will not likely arise upon the next trial they need not be here noticed.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.