THE STATE OF IOWA, Appellee, v. JOSEPH C. SMITH, Appellant.

**Murder:** PUNISHMENT: DISCRETION OF COURT. A sentence of death on a plea of guilty to an indictment for murder will not be interfered with on appeal, unless an abuse of the court's discretion in pronouncing judgment is shown.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

TUESDAY, JUNE 6, 1905.

DEFENDANT was indicted for murder. To this indictment he entered a plea of guilty, and, after hearing the evidence, the court ordered that he be hanged. From the judgment so entered the defendant appeals. *Affirmed.*

*John F. Clarkson* and *David W. Bates,* for appellant.

*Charles W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

DEEMER, J. — There is no doubt whatever of the defendant's guilt. Indeed, his counsel distinctly assert that there was no legal justification or excuse for his act. But they do contend that the punishment should have been life imprisonment instead of death. No error was committed by the trial court, unless it be found that it abused its discretion in fixing the penalty. Code, section 4728, provides, in substance, that whoever is guilty of murder in the first degree shall be punished with death or imprisonment for life, as determined by the court, if the defendant pleads guilty. Manifestly, a large discretion is vested in the trial court in such cases, and we should not interfere in the absence of a showing of abuse of that discretion. The case comes to us for correction of errors, and not that we may exercise the pardoning power. Commutation of sentence does not belong to this department of government. We have carefully gone over the entire record and find no abuse of the discretion vested in the trial court.

The judgment is therefore *affirmed.*