STATE OF IOWA, Appellee, v. ALLEN WHEATON, Appellant.

No. 43704.

JUNE 15, 1937.

REHEARING DENIED SEPTEMBER 24, 1937.

760

P. C. Rasmussen, for appellant.

John H. Mitchell, Attorney General, and Buell McCash, Spec. Asst. Attorney General, for appellee.

HAMILTON, J.—By county attorney's information defendant was charged with murder in the first degree. After having the advice of able counsel and being fully advised by the trial court of all his constitutional and statutory rights, he entered a plea of guilty. A time was fixed for hearing to determine the degree of the crime and to determine the extent of the punishment to be inflicted. Ample time was given to enable the defendant to prepare for this hearing. Hearing was had, evidence was introduced, arguments of counsel heard, and after due deliberation the trial court found the defendant's plea of guilty amply sustained by the undisputed testimony and imposed the death penalty. The complaint on this appeal goes only to the degree of punishment, the defendant contending through his counsel that the punishment should have been life imprisonment. In compliance with the statutes of this state, and in keeping with our solemn duty in a case of this character, involving the taking of the life of a human being, we have carefully read and considered the entire transcript of the proceedings and evidence in this case, and find that every right of the defendant was, with meticulous care, and in keeping with the enormity of the offense, carefully guarded by the trial court. Hon. John P. Tinley who presided throughout the entire proceedings is a lawyer of many years' experience in the trial of criminal cases, usually on the side of the defendant, and the record reveals that he fully appreciated the dual position in which he was placed, of acting as both court and jury under a plea of guilty, and with commendable dignity and decorum, evidencing a keen sense of his responsibility both to the defendant and the state, with a steady hand and sincerity of heart and soul, administered and executed the law and meted out justice under the law. He has performed his duty well. There is not the slightest error in this record. There can be no doubt of the defendant's guilt. Every element of the charge of first degree murder is proven beyond all doubt.

Under the law on this appeal it is equally our duty to face the responsibility which confronts us. Our course has been charted by the prior decisions of this court. Under the statute

in a law case such as this, ours is a court for the correction of errors. Even if there were mitigating circumstances—and there are none—which might justify clemency, this is a matter not rightfully within the domain of this court as the law has been interpreted in this state for many years. See State v. Smith, 127 Iowa 528, 103 N. W. 769; State v. Olander, 193 Iowa 1379, 186 N. W. 53, 29 A. L. R. 306; State v. Tracy, 219 Iowa 1412, 261 N. W. 527; State v. Breeding, 220 Iowa 605, 262 N. W. 467.

No useful purpose would be served to again repeat or set forth anew the well-established principles of law as announced in the foregoing cases. We find there was no abuse of the trial court's discretion, and finding no error in the record, and finding that the defendant has had a fair trial in strict accord with the law, the judgment of the trial court must be and is affirmed.—Affirmed.

PARSONS, DONEGAN, ANDERSON, STIGER, and KINTZINGER, JJ., concur.