STATE OF IOWA, appellee, v. WARREN JOHN NUTTER, JR., appellant.

No. 49019.

(Reported in 81 N.W.2d 20)

FEBRUARY 5, 1957.

REHEARING DENIED APRIL 5, 1957.

Joseph Thornton, of Independence, for appellant.

Dayton W. Countryman, Attorney General, Dudley Lowry, Assistant Attorney General, William G. Klotzbach, County Attorney, of Independence, and W. Louis Beecher, Special Assistant County Attorney, of Waterloo, for appellee.

HAYS, J.—January 9, 1956, the defendant was by information charged with the murder of one Harold Pearce. January 19 defendant and counsel appeared and entered a plea of not guilty. February 3 defendant, with his attorney, in open court withdrew his plea of not guilty and entered a plea of guilty to the crime of murder. February 7 and 8 a hearing was had before the court to determine the degree of defendant's offense. Upon

conclusion thereof, the court found the offense to be murder in the first degree. Time being waived, on February 10 the court imposed the death penalty. Defendant appealed.

I.  Appellant's first assigned error goes to the sufficiency of the information to sustain a finding of first-degree murder in that it failed to charge the killing to have been willful; that for this reason it failed to inform the court and the accused that murder in the first degree was intended to be charged.

The information was as follows: "* * * accuses Warren John Nutter, Jr., of the crime of murder * * * that the said Warren John Nutter, Jr., on or about the 5th day of February, A.D. 1956 * * * did kill Harold Pearce, deliberately, with premeditation and malice aforethought, contrary to and in violation of Section 690.1 of the 1954 Code." ,

Statutes applicable to indictments apply likewise to informations. Section 769.12 (all statutes refer to Code of 1954 unless otherwise stated); Lamb v. Davis, 244 Iowa 231, 235, 56 N.W.2d 481.  Section 773.3 states that an indictment may charge an offense: (1) By using the name given to the offense by statute; or (2) by defining the offense either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged. It also provides that the indictment may refer to a section or subsection creating the crime, and regard shall be had to such reference. Section 773.28 provides that in an indictment for an offense which is divided into degrees it is sufficient to charge that the accused committed the offense.

Section 690.1 provides: "Whoever kills any human being with malice aforethought, either express or implied, is guilty of murder."

Section 690.2 states: "All murder which is perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate, and premeditated killing, * * * is murder in the first degree, * * *."

Section 690.3 provides: "Whoever commits murder otherwise than as set forth in section 690.2 is guilty of murder in the second degree, * * *."

█ Appellant asserts that section 690.1 defines only murder in the second degree since section 690.2 definitely says what is required to constitute murder in the first degree and section 690.3 says murder committed otherwise than as stated in section 690.2 is murder in the second degree. Appellant either overlooks or chooses to ignore the statutes above cited, and the repeated pronouncement of this court that:

"There is, under our law, but one crime called murder. The so-called degrees of this offense do not constitute distinct crimes, but gradations of the same crime, devised for the purpose of permitting punishment to be varied according to the circumstances of greater or less enormity characterizing the criminal act." State v. Phillips, 118 Iowa 660, 664, 92 N.W. 876, 877.

See also State v. Quan Sue, 191 Iowa 144, 179 N.W. 972; State v. Martin, 243 Iowa 1323, 55 N.W.2d 258; State v. Woodson, 244 Iowa 1262, 59 N.W.2d 556; State v. Haffa, 246 Iowa 1275, 71 N.W.2d 35.

Appellant then goes a step further and says that by failing to state in the information that the killing was "willful" it omitted a prerequisite ingredient and thus indicates an intent to charge murder in the second degree, either under section 690.1 or 690.3.

█ We find no merit to this assignment of error. The information specifically names the crime as murder; it specifically refers to section 690.1, and, under the holdings of this court, such section includes a charge of murder in the first degree. It meets the requirements of section 773.3. State v. Di Paglia, 247 Iowa 79, 71 N.W.2d 601. The allegation in the information that defendant "did kill * * *, deliberately, with premeditation and malice aforethought * * * in violation of Section 690.1 * * *" clarifies rather than confuses the intent to charge murder in the first degree.

Nor do we find anything in the record to show that appellant at the time he entered a plea of guilty was confused or in doubt as to the effect of such plea.

We quote from the record, on a hearing which took place in open court on February 7, 1956:

"The Court: * * * Mr. Nutter, prior to the time you changed your plea from not guilty to guilty on February 3, 1956, had you been fully advised by your attorney of your legal rights?

"Warren John Nutter, Jr.: Yes.

"The Court: Mr. Nutter, after receiving such advice did you determine or make up your own mind, yourself, to make such change in your plea?

"Mr. Nutter: Yes, sir.

"The Court: * * * Mr. Nutter, did you then and do you now understand that by your plea of guilty you were pleading guilty to the charge that you did on or about January 5, 1956 * * * murder Harold Pearce?

"Mr. Nutter: Yes, sir.

"The Court: Mr. Nutter, did you then and do you now understand that you would not be entitled to have a jury * * * pass upon the charge made against you if you plead guilty?

"Mr. Nutter: Yes, sir.

"The Court: Mr. Nutter, did you then and do you now understand that by your plea of guilty you make and claim no defense to your act in killing Harold Pearce?

"Mr. Nutter: Yes, sir.

"The Court: Mr. Nutter, did you then and do you now understand that upon your pleading of guilty the Court would hear the evidence before determining the degree of your crime and the punishment to be meted out therefor?

"Mr. Nutter: Yes, sir."

II. Appellant's second assignment of error is that the evidence is insufficient to sustain a finding of murder in the first degree.

The only hearing had in the matter was that required by section 690.4, which is as follows: "Upon the trial of an indictment for murder, the jury, if it finds the defendant guilty, must inquire, and by its verdict ascertain and determine the degree; but if the defendant is convicted upon a plea of guilty, the court must, by the examination of witnesses, determine the degree, and in either case must enter judgment and pass sentence accordingly."

Upon the hearing the State called eleven witnesses, the

defendant three, including himself. Also before the court was a lengthy confession in defendant's handwriting. There is no dispute or contest over any of the material facts.

On January 4, 1956, Nutter, a resident of Freeport, Illinois, obtained a used car from a car lot in Freeport on the pretext of trying it out with the thought of purchase. He, with two other boys, picked up two girls whom they knew and, without advising the girls, started for California. They stopped at a farm home near Freeport, intending to rob it, but were scared off. They drove west on highway 20 to Earlville where they broke into a filling station and stole various articles including gasoline, candy, cash, shotgun shells, flashlight, etc. They drove through Independence, Iowa, at about 75 miles per hour and, after a chase, were stopped by the police. They were all searched and then taken to the sheriff's office at Independence for questioning. The three boys were in the back office with an officer, the girls in the front with another officer. Nutter asked permission to go to the men's room, which was granted. From there he climbed out a window, went to his car and took from under the back seat a shotgun and some shells. It appears the gun belonged to one of the boys and was to have been used in the farmhouse robbery. He returned to the courthouse after loading the gun, which he cocked as he entered the sheriff's office where the girls were. Seated at a desk with his back toward Nutter was Officer Pearce. Nutter placed the cocked shotgun on a counter facing the officer and directed him to take out his gun with his left hand and put it on the desk. The officer arose and with his drawn gun approached the counter in front of which Nutter was standing with the shotgun pointing toward him. Nutter states he was scared and pulled the trigger. The officer received the full charge in his left chest. Nutter then tried to reload the shotgun but it stuck. When the officer in the back room came into the front office he pointed the gun toward him and directed that he throw down his gun. The officer however stepped back into the other room. Nutter then went to the body of Officer Pearce, whom he had just shot, and took his revolver from under his arm, where it had fallen at the time Pearce was shot. Nutter then left the building and started across country when he was caught

by the officers. Nutter stated at the hearing that he went to the car and got the gun for the purpose of freeing the two girls and the two boys who were being questioned by the officers.

In State v. Haffa, 246 Iowa 1275, 71 N.W.2d 35, we said that any unlawful killing with malice aforethought is murder and to constitute first-degree murder there must be the additional elements of deliberation, premeditation and intent to kill. See also State v. Christie, 243 Iowa 1199, 53 N.W.2d 887, 54 N.W.2d 927. Malice means that condition of the mind which prompts one to do a wrongful act intentionally, without legal justification or excuse. State v. Burris, 198 Iowa 1156, 1158, 198 N.W. 82; State v. Leedom, 247 Iowa 911, 917, 76 N.W.2d 773.

Premeditation and deliberation need not exist for any particular period of time prior to the killing. In State v. Heinz, 223 Iowa 1241, 1258, 1259, 275 N.W. 10, 20, 114 A. L. R. 959, we said: "The universal holding of this court is that the deliberate, violent use of a deadly weapon or an instrument likely to cause death with opportunity to deliberate is evidence of malice, deliberation, premeditation, and intent to kill."

In State v. Baker, 143 Iowa 224, 230, 121 N.W. 1028, 1030, it is said: "Where the defendant has selected a deadly weapon, and with opportunity to deliberate has intentionally used it in a deadly manner, it would not, we think, be proper for the court to take the question of deliberation and premeditation from the jury. That under such circumstances it is proper to submit the question of first degree to the jury, although there is no specific proof of deliberation and premeditation, apart from the proof of the violent infliction of a mortal wound, has been affirmed by this court on several occasions."

See also State v. Woodmansee, 212 Iowa 596, 233 N.W. 725; State v. Christie, 243 Iowa 1199, 53 N.W.2d 887, 54 N.W.2d 927.

Clearly, under the record, had the case been tried to a jury it would have been the duty of the court to submit a first-degree charge and a finding of such a degree would be amply supported by the evidence. This is equally true when submitted to the court under section 690.4.

III. Appellant's final assignment of error, based upon claim of an excessive penalty, is in effect a plea for leniency.

Section 690.4, supra, is distinctive and differs from all our other statutes imposing penalties for crimes. Upon a plea of not guilty, the jury determines the degree and the penalty. Upon a plea of guilty, the court on a hearing determines the degree and the penalty. In State v. Fields, 70 Iowa 196, 198, 30 N.W. 480, 481, defendant was convicted by a jury of first-degree murder and the death penalty was imposed. Upon appeal this court said, "in view of the very great doubt as to the sufficiency of the indictment, and at the suggestion of defendant's counsel, and with the consent of the attorney general, we have concluded to reduce the sentence to the maximum punishment authorized for the crime of manslaughter." In State v. McCormick, 27 Iowa 402, a death penalty directed by a jury was reduced to life imprisonment, the court stating that the record does not warrant a conviction of any offense higher than second degree. A similar situation is found in State v. Thompson, 31 Iowa 393. In State v. O'Donnell, 176 Iowa 337, 157 N.W. 870, defendant was found guilty of murder and the death penalty assessed by a jury. In passing upon the power of this court under section 5462, Code of 1897 (now section 793.18), we said the said section must be construed as giving the court power, on appeal, to render such judgment only as the law demands, not such judgment as the Supreme Court may think the evidence demands.

In effect the result of this decision is that where a jury assesses the death penalty, such penalty may not be reduced by this court, even though the evidence does not warrant a finding of first-degree murder—the only recourse is a reversal of the judgment.

No case has been brought to our attention where, upon a plea of "guilty" to murder and after a hearing the death penalty was assessed, this court has ever reduced the same to life imprisonment. In State v. Smith, 127 Iowa 528, 529, 103 N.W. 769, 770, we said: "A large discretion is vested in the trial court in such cases, and we should not interfere in the absence of a showing of abuse of that discretion. The case comes to us

for correction of errors, and not that we may exercise the pardoning power. Commutation of sentence does not belong to this department of government."

In State v. Wheaton, 223 Iowa 759, 760, 273 N.W. 851, 852, we said: "Under the law on this appeal it is equally our duty to face the responsibility which confronts us. Our course has been charted by the prior decisions of this court. Under the statute in a law case such as this, ours is a court for the correction of errors. *Even if there were mitigating circumstances*—and there are none—which might justify clemency, this is a matter not rightfully within the domain of this court as the law has been interpreted in this state for many years." (Italics added.)

In State v. Bruntlett, 240 Iowa 338, 347, 36 N.W.2d 450, 455, we said: "We would be justified in setting aside or reducing the sentence in the instant case only if there is a clear showing of an abuse of the court's discretion in imposing the maximum penalty."

See also State v. Hunter, 243 Iowa 361, 51 N.W.2d 409; State v. Olander, 193 Iowa 1379, 186 N.W. 53, 29 A. L. R. 306.

In the instant case appellant did not make or claim any reason or justification for the killing. It was ruthless and vicious. There is no doubt about his being guilty of murder in the first degree as such has been defined by the legislature and construed by this court. The legislature has provided a choice of two penalties. The penalty imposed is one of those two. It was within the discretion of the trial court and so intended by the legislature. In the exercise thereof, we find no abuse of that discretion.

Much of the record is devoted to evidence of appellant's early life and his conceded mental complex. No claim is made that he is insane such as to excuse the act. These matters do not entitle appellant to relief at our hands.

Finding no error the judgment of the trial court must be and is affirmed.—Affirmed.

BLISS, C. J., and GARFIELD, OLIVER, SMITH, THOMPSON, LARSON, and PETERSON, JJ., concur.