STATE of Iowa, Appellee,

v.

Ular Lee WINFUN, Appellant.

No. 60527.

Supreme Court of Iowa.

Jan. 18, 1978.

Rehearing Denied April 13, 1978.

Barry M. Anderson, Keokuk, for appellant.

Richard C. Turner, Atty. Gen., Ray Sullins, Asst. Atty. Gen., and James P. Hoffman, Lee County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

Defendant pled guilty to having murdered Morris Clayton Green on July 31, 1976, contrary to the provisions of § 690.1, The Code, 1975. Thereafter a hearing was held to determine the degree of guilt. § 690.4, The Code. The trial court found defendant guilty of murder in the first degree and sentenced him to life imprisonment in the Iowa State Penitentiary at Fort Madison. Defendant appeals, and we affirm.

■ This sole issue presented for review is defendant's contention the evidence was insufficient to justify a finding of murder in the first degree because the state failed to prove each element of first-degree murder beyond a reasonable doubt. In reviewing this matter, we consider the evidence in the light most favorable to the result reached by the trier of fact. *State v. Smith,* 242 N.W.2d 320, 325 (Iowa 1976); *State v. Cruse,* 228 N.W.2d 28, 31 (Iowa 1975); *State v. Lass,* 228 N.W.2d 758, 767 (Iowa 1975).

The court heard eight witnesses, including defendant himself. We summarize their testimony as follows. Defendant fatally shot Green on July 31, 1976, while the two were in the Six-Pack Tavern in Keokuk. They had been co-workers on a painting crew for some time. There was ill feeling between them. Just a day before the shooting, they had engaged in a fracas which left defendant with some painful, although not serious, rib injuries.

On the day of the murder, defendant spent considerable time in the Six-Pack Tavern drinking. Later he called his girl friend, Kathy Schulte. The two of them, and another couple, spent some time riding around. Sometime during the afternoon, defendant had Kathy buy a gun and some shells for him. He testified he wanted the gun for his protection. He also testified he had Kathy buy it because she was a resident of the state and he was not. The four drove to a rural area, where they engaged in some target practice with the new gun. Defendant and Kathy then returned to the Six-Pack Tavern and had some more to drink. At Kathy's suggestion, defendant gave the loaded gun to the bartender for safe keeping. Shortly thereafter, Kathy left, and defendant stayed on, continuing to drink both beer and a preparation described as Tequila Sunrise.

After about an hour, Green entered the tavern, brushing against defendant as he walked by him. At that time no words were exchanged. Sometime, either before or after Green arrived, defendant reclaimed his gun from the bartender. He then walked toward the back of the tavern where Green was standing talking to some friends. No words were exchanged. There was no physical encounter. Defendant shot Green once. After he had fallen to the floor, defendant walked over to where he lay and emptied his revolver by pumping five more shots into Green's body.

Defendant left the tavern, walked to the Keokuk Police Station, and surrendered himself. He made certain statements to the police. Among other things he said he "had to shoot the boy" and "after I thought about what he did to me, I pulled the gun and shot him until the gun was empty."

Murder is defined and its punishment is prescribed in § 690.1–690.4, The Code:

690.1 *Murder.* "Whoever kills any human being with malice aforethought, either express or implied, is guilty of murder."
690.2 *First-degree murder.* "All murder which is perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate, and premeditated killing, * * * is murder in the first degree, and shall be punished by imprisonment for life at hard labor in the penitentiary and the court shall enter judgment and pass sentence accordingly."

690.3 *Second-degree murder.* "Whoever commits murder otherwise than as set forth in § 690.2 is guilty of murder in the second degree, and shall be punished by imprisonment in the penitentiary for life, or for a term of not less than ten years."

690.4 *Degree determined.* "Upon the trial of an indictment for murder, the jury, if it finds the defendant guilty, must inquire, and by its verdict ascertain and determine the degree; but if the defendant is convicted upon a plea of guilty, the court must, by the examination of witnesses, determine the degree, and in either case must enter judgment and pass sentence accordingly."

In order to support the finding of first-degree murder, the evidence must show beyond a reasonable doubt the killing was done with malice, was willful, deliberate, premeditated, and was accompanied by a specific intent to kill. We believe the record fully justifies the conclusion reached by the trial court as to the degree of guilt. *State v. Nutter,* 248 Iowa 772, 778, 81 N.W.2d 20, 23 (1957). *See also State v. Lass,* 228 N.W.2d 758, 766 (Iowa 1975); *State v. Hall,* 214 N.W.2d 205, 210–211 (Iowa 1974); *State v. Sims,* 239 N.W.2d 550, 553–554 (Iowa 1976).

In the present case defendant bought a gun the day after his fight with Green. Admittedly there was bad blood between them. After giving the gun to the bartender, defendant requested its return at a time closely related to Green's arrival at the tavern. Shortly thereafter and without warning, defendant shot Green, not once, but until his gun was empty. Defendant gave reasons for all these actions, but they did not persuade the trial court that his crime was less than first-degree murder. Nor do they us.

We have not overlooked defendant's evidence of heavy drinking prior to the shooting. This is a proper matter for consideration in determining whether the elements of first-degree murder were present, but it is for the trier of fact to decide what part defendant's condition played in the crime. *State v. Sims,* 239 N.W.2d at 553;

*State v. Hall,* 214 N.W.2d at 209; *State v. Christie,* 243 Iowa 1199, 1208, 53 N.W.2d 887, 891 (1952); cf. *State v. Templeton,* 258 N.W.2d 380, 383 (Iowa 1977).

The trial court's findings disclose the judge applied the correct principles in assessing defendant's degree of guilt. There is more than ample evidence to justify the conclusion defendant committed first-degree murder.

The judgment is affirmed.

AFFIRMED.