THE STATE v. FOSTER.

Criminal law: FORMER CONVICTION. A trial and conviction for assault
and battery, under an information charging that offense, constitutes
no bar to a subsequent indictment and prosecution for an assault
with intent to commit a great bodily injury, based on the same act.

*Appeal from Marion District Court.*

SATURDAY, FEBRUARY 24.

DEFENDANT was indicted for an assault with intent to
inflict a great bodily injury. He pleaded a former con-
viction before a justice of the peace, on a charge of assault
and battery, alleging that the same act is the foundation
of both charges. A demurrer of the State to this plea was
overruled. The State appeals.

*H. O'Conner*, attorney-general, for the State.

No appearance for the appellee.

BECK, Ch. J. — The demurrer could only have been
overruled by the district court, upon the view that the
offenses charged are, in each case, identical, or the one for
which defendant was convicted before the justice includes
the one charged in the indictment. But neither proposi-
tion can be admitted. The demurrer, therefore, ought to
have been sustained.

Admitting that the offenses of assault and battery, and
assault with intent to commit a great bodily injury are
degrees of the same offense, it must be conceded that the
first named is of a lower degree, and does not include the
offense of the higher degree. To this proposition there
can be no objection. While an assault, with an intent to
commit a great bodily injury, may include an assault and

battery, it is clear that the assault and battery cannot include the higher assault; the less cannot include the greater. A conviction or acquittal, in order to be a bar to another prosecution, must be for the same offense, or for an offense of a higher degree, and necessarily including the offense for which the accused stands indicted. It follows that a conviction or acquittal for a minor offense is no bar to a prosecution for a greater offense, except in the case of acquittal for manslaughter which would bar an indictment for murder, for the reason that if the defendant was innocent of the killing, without malice, he could not be guilty of the killing with malice. *Scott* v. *U. S.*, Morris, 142; *Hunt* v. *State*, 25 Miss. 378; *Burns* v. *People*, 1 Parker, 182.

This is substantially the rule of section 4720 of the Revision, which is in the following language: "When the defendant has been convicted or acquitted, upon an indictment for an offense consisting of different degrees, the conviction or acquittal shall be a bar to another indictment for the offense charged in the former or for any *lower degree of that offense*, or for an offense necessarily included therein." Now we have seen that defendant was convicted of an assault and battery. This conviction is no bar to the offense of assault with intent to do a great bodily injury, which is a higher offense, and not necessarily included in the less offense, assault and battery, of which defendant was convicted.

Reversed.