## OLTROGGE v. SCHUTTE ET AL.

1. **Venue :** STIPULATION FOR CHANGE OF PLACE OF TRIAL: AUTHORITY OF ATTORNEYS. A stipulation for change of place of trial, under section 2590 of the Code, may be signed either by the parties or their attorneys, the word *and* in the statute being used in a disjunctive sense.

*Appeal from Bremer Circuit Court.*

FRIDAY, JUNE 6.

ACTION to foreclose a mortgage. The defendants pleaded usury. The action was brought originally in the District Court and transferred to the Circuit Court by an agreement of the attorneys, and a decree was there rendered in accordance with an agreement of the attorneys. The defendants afterward filed a motion to set aside the decree, which was

Oltrogge v. Schutte.

supported by affidavits and resisted by counter-affidavits. In the matter of a hearing upon the motion the defendants moved for a continuance, which was denied. Other facts are stated in the opinion. The motion was overruled and the defendants appeal.

*G. C. Wright*, for appellants.

*Call & Dawson*, for appellee.

ADAMS, J.—I. The appellants insist that the Circuit Court never obtained jurisdiction of the case. The want of

1. VENUE: stipulation for change of place of trial: authority of attorneys.

jurisdiction is alleged to consist in the fact that the change in the place of trial of the case from the District Court was made upon an agreement which was not signed by the parties. They rely upon section 2590 of the Code, subdivision 4, by which it is provided that a change in the place of trial may be had "by the written agreement of the parties and their attorneys." It is insisted that the word "and" is to be taken in its conjunctive sense, and that no change can be had without the written consent of both the parties and their attorneys.

It is not to be denied, we think, that, looking at the language alone, this would be the more obvious construction. But no satisfactory reason has been suggested why a change should not be allowed upon the written agreement of either the parties or their attorneys. The agreement of the parties should certainly be sufficient. But attorneys represent the parties, being employed by them for their skill, and we see no useful purpose that could be served by a provision that should disallow a change upon the written agreement of the attorneys alone. On the other hand, we can see that great inconvenience might often arise from a provision making their agreement alone insufficient.

We believe the practice has been to a very great extent to treat it as sufficient. To hold it to be insufficient now would have the effect, we believe, to annul a large number of judg-

ments and titles. In view of these considerations, and the fact that the construction contended for is by no means a necessary one, we are unwilling to adopt it. If the provision were that a change may be had by agreement, but only in case the agreement is in writing, and signed by the parties and their attorneys, there would be no escape from the conclusion that the word "and" should be taken in a conjunctive sense; but it may be so used as to have a disjunctive sense, and, we think, it is so used in the statute in question. By supplying a few words which, we think, are understood, it would read as follows: "A change * * * may be had * * * by the written agreement of the parties, and by the written agreement of their attorneys." If it so read it will be seen at once that the word "and" would be precisely equivalent to the word *or*. The word *and* may and should be read as *or*, if other considerations require it. *Eisfeld v. Kenworth et al.*, 50 Iowa, 389.

We are of the opinion that the change was properly made, and that the Circuit Court acquired jurisdiction.

II. The appellants insist that the attorneys claiming to act for them had no authority to consent to the judgment that was rendered. They would have no such authority by virtue of their mere employment as attorneys. That the defendant C. Schutte gave his attorneys authority to make some kind of a compromise is not disputed. As to what authority he gave them the affidavits are somewhat conflicting, but we are inclined to think that the authority given was sufficient to justify them in consenting to the decree which was rendered.

There is some doubt as to whether the other defendant, Sophia Schutte, expressly employed any attorney at all. Sophia Schutte is the wife of C. Schutte. M. E. & E. M. Billings, attorneys, filed an answer for her, at the request of her husband. She denies, however, that her husband had authority to employ attorneys for her, and it is not expressly shown that he had. But the answer contained a plea of usury, and she is now claiming the benefit of that plea. We

think this is a sufficient ratification of her husband's act in employing attorneys to file the plea for her.

III.   The defendants moved for a continuance to enable them to procure the affidavit of one Bruns, and also of one Walfrich.

It was objected that no proper diligence was shown, and we think that the objection was well taken.   The motion, we think, was properly overruled.   We see no error, and the judgment must be

AFFIRMED.