THE STATE v. GLYNDEN.

1. **Criminal Law: STATEMENTS NOT CONFESSIONS.** Declarations and statements of defendant, that he was with the deceased at or near the time and place of the murder, are not to be treated as confessions of guilt.

2. ————: **MURDER: INSTRUCTIONS.** Upon the trial of one indicted for murder the jury should be instructed not only with respect to murder, but all the lower degrees of homicide.

*Appeal from Hardin District Court.*

SATURDAY, JUNE 14.

DEFENDANT was convicted of murder in the first degree, for the killing of Wipka Martin, and sentenced to imprisonment for life. He appeals to this court. The facts of the case involved in the questions ruled in the case appear in the opinion.

*Brown & Binford,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, CH. J.—I. Wipka Martin, a girl of fourteen years of age, was, on the 8th day of September, 1877, found dead in a corn field in the neighborhood of her home in Grundy county. It was evident that her death was caused by violence perpetrated in a brutal attempt to ravish her. She was well grown and healthy, and had resisted the assault with all her strength. There was evidence at the place where it occurred of a violent struggle, showing the spirit and determination with which she resisted her destroyer. Death was caused by strangulation, produced by the hands of the more than brutal being that perpetrated the revolting crime. Her body was borne by the person committing the dreadful crime a short distance into a corn field, after life was extinct. The girl had been sent from home the afternoon of her murder, to a blacksmith shop, with a "plow lay." She was seen on

the road to the shop, at a point about thirty-six rods from the place where the crime was committed, in company with defendant, or, using probably a more accurate expression, the two were seen walking near each other. The girl was not seen alive by any one afterward. The defendant admitted that he was with or near to the deceased at or about the place and time indicated by the witness who testified that he had seen them together, and that he had asked her for directions to the house of a resident in the neighborhood, to which he was going. He also admitted that he passed through a corn field, from the place he met the girl to the house, and pointed out his foot-prints. Other admissions were shown, tending to establish the fact of his presence near the place of the crime at the time testified to by the witness who had seen him and the girl together.

The court, as applicable to the testimony disclosing these admissions and statements of the defendant, gave the following instructions:

"9. Free and voluntary confessions of guilt by the party accused are by the law presumed to be true, and when distinctly heard and correctly understood, and fully and accurately remembered, and clearly proven, they are deserving of the highest credit as evidence, and in any particular case on trial the degree and credit and force to be given to them depend upon the degree of distinctness with which they are heard, understood and remembered. But confessions extorted from the defendant through the torture of fear or flattery of hope, and having about them none of the safeguards or assurances of truth, are entitled to no weight or credit. And in this case, should you find the defendant has made statements or confessions, either of his guilt or of facts tending to show his guilt, you will, in the light of the above rules of law, and of all the facts and circumstances disclosed by the evidence, carefully examine such statements and confessions, and if you find them to have been substantially true as made by him, you will, in arriving at your verdict, give

The State v. Glynden.

to them all the weight to which they are entitled as such; but if you find them to have been untrue you will give them no weight, but entirely disregard them.

"10. The confession of a defendant will not warrant conviction unless accompanied with other proof that the offense was committed."

II. We are constrained to pronounce these instructions erroneous. The declarations and statements of defendant in no sense of the word were confessions of guilt. On the contrary he asserted his innocence. They were properly admissible in evidence, and should have been considered to establish the fact, which, however, was clearly proved by other testimony, that defendant and deceased were together about the time of the killing- - a fact of very great weight in reaching a conclusion as to who perpetrated the crime. But they reached no further than to establish the fact of his presence at the time and place indicated. But his admission of this fact was, by no means, a confession of the crime, for, notwithstanding his presence then and there, he *may* not have been guilty. To treat these admissions and statements as an absolute confession of guilt was a most grave mistake. This was surely done by the court in these instructions. The jury were authorized to conclude, for such is the effect of the tenth instruction, considered with the preceding one, that the admissions and statements of defendant warranted a conviction without other evidence, the offense having been conclusively proved to have been committed by some one. They would conclude, under the instructions, the rule of the law to be that an admission by one accused of murder that he was with the deceased at or near the time and place of the crime would alone justify his conviction. The law recognizes no such rule. That the instructions were prejudicial to defendant cannot be doubted. *People v. Strory*, 30 Cal., 356.

III. The third instruction, in defining the crime of murder,

The State v. Glyndon.

gave only a definition of murder in the first degree. The
2. ——: murder: instruc- definition should have covered all degrees of the
tions. crime, in view of the fact that a conviction for
a lower degree may be had upon an indictment charging the
highest. But we are not prepared to say that this error was
prejudicial to defendant, and would alone require a reversal
of the judgment, in consideration of the conclusion we reach,
that if defendant was guilty his crime is murder in the first
degree.

It may also be remarked that the instructions given are
defective in failing to clearly present rules applicable to the
peculiar facts of the case. They are rather general and abstract
propositions of law, correct enough in the main, but, on account
of their generality, their bearing and force may not have been
fully understood and correctly applied by the jury. In this
respect the instructions are capable of great improvement.
These remarks are made not because we think the instructions
are absolutely erroneous, but because we believe justice would
be more surely administered were instructions given to juries
of the character we have indicated they should possess.

IV. It is not proper that we should indicate our views of
the character of the evidence upon which defendant was con-
victed further than to say, in reply to the claim made by
defendant's counsel that it does not support the verdict, that
we cannot concur in this position. But, whatever opinion we
may entertain upon the evidence, we cannot sustain the judg-
ment in view of a very grave error in the instructions which
we have above pointed out. Other points made by counsel
need not be considered, as the judgment for this error must be

REVERSED.