The State v. Schele.

---

THE STATE v. SCHELE.

1. **Criminal Law**: INCLUDED CRIME: ASSAULT. The crime of assault with intent to commit great bodily injury is included in an indictment for assault with intent to commit murder.

2. ——: ——: PRACTICE. Where the defendant was found guilty of a crime which, in the opinion of the court, was not included in the one charged in the indictment, it was held competent to sentence him for an offense which was included in the indictment, and also necessarily included in the verdict.

*Appeal from Muscatine District Court.*

WEDNESDAY, DECEMBER 10.

THE defendant was indicted for an assault with intent to commit murder. He was tried and found guilty of an assault with intent to inflict great bodily injury. The defendant filed a motion in arrest of judgment and for a new trial. This motion was overruled upon all the grounds except one. The motion was sustained upon the ground that the court had misdirected the jury, in instructing them that they "could consider the crime of an assault with intent to commit great bodily injury, and find the defendant guilty thereof, if the evidence warranted such finding." The court thereupon ordered that the verdict stand as for an assault only, and sentenced the defendant to pay a fine of one hundred dollars and the costs of prosecution. The defendant appeals.

*D. C. Cloud* and *George R. Cloud*, for appellant.

*J. F. McJunkin*, *Attorney General*, for the State.

DAY, J.—I. Counsel for the appellant insist that the court erred in instructing the jury that they could consider the crime of an assault with intent to do great bodily injury and find the defendant guilty thereof if the evidence warranted such finding. They cite and rely upon *State of Iowa v. White*, 41 Iowa, 317. The court below in sustaining the motion in arrest of judgment, to the extent and upon the ground stated, evidently followed that case, as above reported. Upon a rehearing, however, which was granted in that case, a different conclusion was reached, and it was held that an indictment for an assault with intent to commit murder does include the offense of an assault with intent to commit manslaughter. *State v. White*, 45 Iowa, 325. For a like reason, such an indictment includes the offense of assault with intent to inflict great bodily injury. The court did not err in giving the instruction complained of. The error of the court was in sustaining the motion in arrest of judgment upon the ground that there was error in said instructions. But this error was not prejudicial to the defendant, and of it he cannot complain.

II. It is insisted that the court, having found that the defendant could not, under the indictment, be convicted of an assault with intent to inflict great bodily injury, should have set aside the verdict *in toto* and granted a new trial. The court overruled all the grounds of the motion for a new trial, except the one above stated: As we have seen, that ground should have been overruled. The court was satisfied that the evidence sustained the verdict, and that the defendant was in all respects legally convicted, except that the offense of which the defendant was convicted was not included in the indictment. Under such circumstances the court did not err in sentencing the defendant for an offense included in the indictment and necessarily included in the verdict which the jury returned.

*Margin notes:* 1. CRIMINAL law: included crime: assault. 2. ——: ——: practice.

III.   It is lastly urged by appellant's counsel that the evidence is not sufficient to convict the defendant of any crime. The abstract does not contain any statement that it is an abstract of all the evidence.   If, however, we should regard all the evidence as before us, we think we would not be warranted in disturbing the verdict as not supported by the evidence.

The above considerations dispose of all the objections urged by counsel of appellant in argument.   We have, however, examined the entire record, and we discover no error prejudicial to the defendant.

AFFIRMED.