GEORGE J. BOSWELL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The conviction of a defendant of assault and battery, upon a plea of guilty, in a court held by a Justice of the Peace, constitutes no bar to a subsequent indictment and prosecution for an assault with a deadly weapon with a premeditated design to effect death, or of an aggravated assault, based on the same act.

2. A conviction or acquittal, in order to be a bar to another prosecution, must be for the same offence, or for an offence of a higher degree, and necessarily including the offence for which the accused stands indicted.

3. A legal acquittal or conviction in any court of competent jurisdiction is sufficient in law to preclude any subsequent proceedings for the same offence in any other court.

4. In cases of concurrent jurisdiction in different tribunals, the one first exercising such jurisdiction acquires control to the exclusion of the other.

5. When the charge of the court to the jury is not embodied in the record so that this court may examine it, it will be presumed to have been correct, and that the law was properly given to the jury.

Writ of Error to the Circuit Court for Hernando county.

The facts of the case are stated in the opinion.

*J. B. Wall* for Plaintiff in Error.

There are two assignments of error, (the first and second being one and the same in effect,) viz : the sustaining of the demurrer and overruling the plea of *autrefois convict*, and the instruction of the judge to the jury, that they could not convict the defendant of a bare assault, or of assault and battery, under the indictment.

The first assignment is well taken and requires no argument before this court.

"If there is anything settled in the jurisprudence of

England and America, it is that no man shall be twice punished by judicial judgments for the same offence." Ex-Parte Lange, 18 Wall, U. S. S. C., 163.

As to what constitutes an identity of offences within the constitutional meaning, the rule laid down in the State vs. Smith, 43 Vermont, 324, may be taken as sufficiently explicit.

" When one offence is a necessary element in, and constitutes an essential part of another offence, and both are in fact but one transaction, a conviction or an acquittal of one is a bar to a prosecution for the other."

This dictum is not limited to convictions and acquittals by the verdict of a jury. A plea of guilty has the same effect as a verdict of conviction. 1 Bishop Criminal Law, 6th Ed., 1049 ; People vs. Goldstein, 32 Cal., 432; Shepherd vs. People, 25 N. Y., 406.

A conviction for assault, or assault and battery, before a Justice of the Peace, such officer having jurisdiction under our laws to hear and determine those offences, will bar a prosecution for any higher grade of the same offence, such as assault with intent to murder, &c. 1 Bishop Crim. Law, 6th Ed., 1058 ; State vs. Smith, 43 Vt., 324.

And some English and American authorities, holding the contrary, have been declared unsound in principle. 1 Bishop Crim. Law, 6th Ed., 1057.

In further support of our position we will simply refer the court to the following authorities : 1 Wharton Amer. Crim. Law, 6th Ed., 563 ; 1 Chitty Crim. Law., 452, 462 ; Com. vs. Squire, 1 Metcalf, 258 ; Lohman vs. People, 1 Comstock, N. Y., 379 ; State vs. Townsend, 2 Harrington, Del., 543; Hulley vs. State, 23 Ind., 21 ; Com. vs. Olds, 5 Littel, Ky., 137 ; Hawkins, P. C., 515, 526 ; Moore vs. People of Ill., 14 Howard, N. S., 13 ; State vs. Casey, Busbee, N. C., 209 ; Com. vs. Goddard, 13 Mass., 455 ; Com.

vs. Loud, 3 Metcalf, 328 ; Roberts vs. State, 14 Ga., 8 ; Com. vs. Miller, 5 Dana, 320 ; Com. vs. Cunningham *et al.*, 13 Mass., 245 ; McGinniss vs. State, 9 Humphrey, Tenn., 43.

In support of the second assignment, that the court erred in instructing the jury that they could not convict the defendant of a bare assault, or of assault and battery under the indictment, we need only refer the court to chapter 3271 Laws, approved February 4, 1881.

If the plea of former conviction was not a bar to the indictment, and the Circuit Court had so held, it was competent for the jury, if the evidence warranted the finding, to convict the defendant of assault and battery, or of a bare assault, and the instruction of the court that they could not do so tended to mislead them to the prejudice of the defendant, was contrary to law and evidence.

The judgment should be reversed and the cause remanded with instructions to dismiss the indictment and discharge the prisoner.

*Attorney-General* for the State.

Mr. Justice VanValkenburgh delivered the opinion of the court.

In October, A. D. 1883, George J. Boswell was indicted for an assault with a deadly weapon, with intent to murder one Jacob C. Clements. On the 11th day of March, 1884, the defendant filed plea in bar. This plea in bar alleges that on the 28th day of September, A. D. 1883, he, defendant, was arrested on a warrant issued by one J. W. Fleming, a Justice of the Peace for the county of Hernando ; that such warrant was based upon an affidavit made by one W. H. Havron, charging the defendant with the commission of an assault and battery upon Jacob C. Clements, on the 23d day of Sept., 1883; that the defendant was arrested

on such warrant, arraigned before the Justice of the Peace ; that he plead guilty to the charge of assault and battery, and was, by the said Justice, fined five dollars and the costs of the prosecution, amounting to eight dollars and ninety cents ; that the charge of assault and battery upon which the defendant was arraigned and tried was the same offence for which the defendant stands indicted ; that the alleged assault with intent to murder for which he stands indicted is the identical assault for which he was so tried before the said J. W. Fleming, and for which he was fined five dollars and costs, and that the said J. C. Clements is the identical person named in the proceeding before the said Justice of the Peace; that to try the said George J. Boswell upon the indictment would subject him to be placed in jeopardy a second time for the same offence.

To this plea the State Attorney demurred as follows :

1. Said plea sets up no sufficient defence in bar of said prosecution.

2. Said plea does not show that the alleged conviction of the defendant was had before a court having jurisdiction of the cause herein charged against the defendant.

3. Said plea does not show that the defendant was convicted of the crime of assault with intent to murder.

The court sustained the demurrer and the counsel for the defendant duly excepted to such judgment of the court.

The case was tried and the jury found the prisoner guilty of an aggravated assault and recommended him to mercy.

Counsel for defendant then moved for a new trial upon the following grounds :

1. The court erred in sustaining the State's demurrer to the defendant's plea *autrefois convict.*

2. In overruling and setting aside the defendant's plea of *autrefois convict.*

3. In instructing the jury they could not convict the defendant of assault and battery or of a bare assault under the indictment.

4. The verdict is contrary to law.

5. The verdict is contrary to the evidence.

This motion for a new trial was overruled and an exception taken.

The defendant was then sentenced by the court to pay a fine of fifty dollars and costs.

The defendant brings the case here on writ of error.

The principal question arising in this case is one of importance. Does the conviction of a defendant upon a plea of guilty of assault and battery in a court held by a Justice of the Peace bar the conviction of the same defendant of an aggravated assault.

By our laws Justices of the Peace have power to try cases of assault or assault and battery, not charged to have been committed riotously, or upon any public officer in the execution of his duty, or with intent to commit any other offence. And of all other offences punishable by fine not exceeding one hundred dollars, or punishable by imprisonment in the county jail not exceeding three months, or punishable by both fine and imprisonment. McC. Dig., 662.

An assault with a deadly weapon, with a premeditated design to effect the death of the person so assaulted, is made a felony, and is punishable by imprisonment in the State penitentiary not less than two years and not more than seven, or by fine of not less than five hundred dollars McC. Dig., 354, §29.

It is also provided that " whoever assaults another with a deadly weapon, *not having* a premeditated design to effect the death of the person assaulted, shall be deemed guilty of an aggravated assault, and upon conviction shall be pun-

ished by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars." McC. Dig., 387, §2.

The law gives to Justices of the Peace no authority or power to try parties charged either with the crime of an assault with a deadly weapon with a premeditated design to effect death, or with what is above denominated an aggravated assault. A legal acquittal or conviction in any court of competent jurisdiction is sufficient in law to preclude any subsequent proceedings for the same offence in any other court. The court must have been a court having jurisdiction.

Had this defendant been again arrested in a court held by a Justice of the Peace for an assault and battery, his plea of *autrefois convict* would have been good, and would have barred such second attempt to try him on that charge. The Circuit Court alone has jurisdiction of the crime charged in the indictment and of the crime of which he is found guilty. The crimes charged are distinct and different in their nature, and while the courts of Justices of the Peace have *sole* jurisdiction of assault and battery, the Circuit Courts have *sole* jurisdiction in assault with intent to murder and aggravated assaults. In cases of concurrent jurisdiction in different tribunals, the one first exercising jurisdiction acquires control to the exclusion of the other. Counsel for the defendant cites Ex parte Lange, 18 Wall., 163. Justice Miller, in the opinion in that case, says: "If there is anything settled in the jurisprudence of England and America it is that no man can be twice lawfully punished for the same offence. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offence, or to bring the party within the jurisdiction of more than one court, there

has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the *same court, on the same facts,* for the *same* statutory offence." This undoubtedly is the true rule. In the case at bar one W. H. Havron made the affidavit upon which the warrant was issued by the Justice of the Peace for the arrest of Boswell for the assault on J. C. Clements. Boswell plead guilty, no evidence was taken, it does not appear that Clements was present, or knew anything of the arrest, and upon the plea of guilty Boswell was fined five dollars and costs. The indictment found is not for the same statutory offence, and is in a different tribunal. In the case of Commonwealth vs. Roby, 12 Pick., 496, Shaw, C. J., in the opinion, speaks as follows: " In considering the identity of the offence, it must appear by the plea that the offence charged in both cases was the same *in law* and *in fact.* The plea will be vicious, if the offences charged in the two indictments be perfectly distinct in point of law, however they may be connected in fact." Again he says in the same opinion : " So Chitty, speaking of the identity of the offence requisite to support such a plea, states it thus: ' As to the identity of the offence, if the crimes charged in the former and present prosecution are so distinct that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law, to say that the offences are so far the same that an acquittal of the one will be a bar to the prosecution of the other,' " and cites 1 Chit. Crim. Law, 453.

The rule is well settled that the former acquittal or conviction must have been for the same identical act and crime. Burns & Cary vs. The People, 1 Park., C. R., 182 ; 1 Black Com., 336.

In the case of Prine and Smith vs. The State, 51 Texas Rep., the facts were as follows: The defendants were ar-

rested and tried before a Justice of the Peace for an aggravated assault. They were found guilty of a simple assault and fined. Subsequently they were indicted for an aggravated assault. They plead the former conviction of a simple assault, and their acquittal on the charge of aggravated assault. Exceptions to this plea were sustained and they were convicted of the aggravated assault. The Supreme Court say: "If the jury should have found them guilty of a simple assault and battery only, according to their view of the evidence, then they could have been acquitted under their special pleas. But as the jury found the defendants guilty of an aggravated assault and battery, that being an offence of which the Justice of the Peace had no jurisdiction, their special pleas would not have availed the defendants as a defence in this case, and consequently they suffered no injury by their special pleas of *autrefois acquit* and *convict* being overruled and excluded by the court."

In the case of Bob. White vs. The State, 9 Texas Ct. Ap., 390, the facts were, that the defendant was tried and convicted for an aggravated assault. To the information he interposed á special plea of former acquittal before a Justice of the Peace on a charge of assault and battery. The court of appeals in reviewing the case, say: "The defendant having been tried and acquitted upon a complaint before a Justice of the Peace, and the justice not having jurisdiction of the offence here charged in this information, the defendant can plead it only to prevent a conviction of a simple assault, or assault and battery. While it would have been proper for the court to have submitted the special plea to the jury with the plea of not guilty, so that it would have been a bar to a conviction of simple assault and battery, yet, as the jury found the defendant guilty of an aggravated assault and battery, that being an offence of which the justice had no jurisdiction, and the defendant

not having been tried on and acquitted upon indictment or information, his special plea could not have availed in this trial, and consequently no injury could have resulted to the defendant by the action of the court in relation thereto." See also State vs. Littlefield, 70 Me., 452; Howard vs. State, 8 Texas Ct. Ap., 447; Irwin vs. State, 7 Ib., 78.

In the State vs. Foster, 33 Iowa Rep., 525, the facts were that the defendant was indicted for an assault with intent to inflict a great bodily injury. He pleaded a former conviction before a Justice of the Peace, on a charge of assault and battery, alleging that the same act is the foundation of both charges. A demurrer to the plea was overruled. "The Supreme 'Court of Iowa in reviewing the case, says: The demurrer could only have been overruled by the district court upon the view that the offences charged are, in each case, identical, or the one for which defendant was convicted before the justice includes the one charged in the indictment. But neither proposition can be admitted. * * * Admitting that the offence of assault and battery, and assault with intent to commit a great bodily injury, are degrees of the same offence, it must be conceded that the first named is of lower degree and does not include the offence of the higher degree. To this proposition there can be no objection. While an assault with an intent to commit a great bodily injury may include an assault and battery, it is clear that the assault and battery cannot include the higher assault; the less cannot include the greater. A conviction or acquittal, in order to be a bar to another prosecution must be for the same offence, or for an offence of a higher degree, and necessarily including the offence for which the accused stands indicted. It follows that a conviction or acquittal for a minor offence is no bar to a prosecution for a greater offence except in the case of acquittal for manslaughter, which would bar an indictment

for murder, for the reason that if the defendant was innocent of the killing without malice he could not be guilty of killing with malice,".and cites Hunt vs. State, 25 Miss., 378 ; Scott vs. U. S., Morris, 142.

In the case before us the defendant is indicted and tried for an offence of which the Justice of the Peace had no jurisdiction ; the Circuit Court in which he was tried had no original jurisdiction of the offence for which he was tried in the Justice's court. If the jury in the Circuit Court had found the defendant only guilty of an assault and battery, a minor offence for which he had been tried and convicted in the Justice's court, then the plea *autrefois convict* would have been a bar to a conviction in the Circuit Court, provided the same had been submitted to the jury with the plea of not guilty. But they found him guilty of another and higher offence, and his special plea could not have availed him had it been so left to the jury.

The demurrer, we think, was properly sustained.

The other assignments of error are as follows :

" In instructing the jury that they could not convict the defendant of assault and battery or of a bare assault under the indictment." " The verdict is contrary to law and the evidence." The charge given by the Judge to the jury nowhere appears in the bill of exceptions. We are, therefore, not informed whether he so charged the jury or not. The presumption is, in the absence of such charge, that it was correct, and that the law was properly given to the jury. The only reference to the charge in the record is as follows: "And the said Judge, under his charge and instructions, submitted the issue and the evidence to the jury."

The judgment is affirmed.