## THE STATE v. KEASLING.

1. **Assault With Intent to Murder:** REQUISITES OF INDICTMENT. The elements of the crime of assault with intent to commit murder are (1) the assault; (2) the specific intent to kill; and (3) malice aforethought; and an indictment which charges these is sufficient, even though the facts alleged are not such that, if death had resulted, the crime would have been murder in the first degree.

2. ———: VERDICT OF GUILTY AS CHARGED: SENTENCE FOR LESSER OFFENSE. In such case, where the verdict was guilty of the offense charged, but the court was of the opinion that malice aforethought had not been proved, but that the other elements of the offense had been, constituting the crime of assault with intent to commit manslaughter, the defendant was not on that ground entitled to a new trial, but was properly sentenced for the lesser included offense. (*State v. Schele.* 52 Iowa, 608, *followed.*) [ROBINSON, J., *dissenting*, and SEEVERS, C. J., thinking this point not necessarily involved, neither concurring nor dissenting.

3. ———: SELF-DEFENSE: RIGHT AND WRONG RULE STATED IN INSTRUC-
TION: NEW TRIAL. In this case, in a lengthy instruction, the court,
in one part of it, erroneously laid down the rule that the right to
take life, or to resort to the use of a deadly weapon in resistance of
an assault, depends on whether the assault is in fact felonious,
and the danger actual and urgent. In another part the correct
rule was stated. *Held* that the verdict of guilty should be set
aside, because it cannot be known which rule the jury followed.
(*State v. Shelton*, 64 Iowa, 333, *followed in principle.*)

*Appeal from Keokuk District Court.*—Hon. W. R.
Lewis, Judge.

Filed, May 24, 1888.

The defendant was convicted by the verdict of a
jury of the crime of assault with intent to commit mur-
der. The district court overruled his motion for a new
trial, and pronounced judgment against him, imposing a
term of imprisonment in the penitentiary. The judg-
ment entry contains the following recital: "And the
court, however, finding on trial that there is no evi-
dence sufficient to warrant conviction of defendant of
the crime of assault with intent to commit murder, but
that the verdict is sufficiently supported by the evidence
to sustain conviction for the crime of assault with intent
to commit manslaughter, inflicts no more than the pen-
alty for this crime." The defendant appeals.

*Mackey & Fonda*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—I. The following is a copy of the indict-
ment: "The said Mathias Keasling, at the county of
Keokuk," etc., "on the fifteenth day of
November, 1886, did then and there, with a
certain pistol, the particular description of
which is to the grand jury unknown, the
said pistol being loaded and charged with gunpowder
and leaden balls, the said pistol being a dangerous and
deadly weapon with which the said Mathias Keasling

1. Assault with
intent to
murder:
requisites of
indictment.

Vol. 74—34

was armed, and the said Mathias Keasling did then and there unlawfully, deliberately, feloniously, and with malice aforethought, make an assault in and upon one John Ruby, and did then and there unlawfully and feloniously shoot off and discharge the contents of said pistol at, against, into, and through the arm of said John Ruby, with a felonious intent then and there to kill and murder the said John Ruby, contrary to and in violation of law." It was contended that this indictment does not charge all of the elements of the crime of assault with intent to commit murder, and that the court therefore erred in putting defendant on trial for that offense. It is true, doubtless, that, with the additional averment that the wound inflicted by defendant was mortal, and that death had resulted therefrom, the indictment would not have been sufficient as an indictment for murder of the first degree. *State v. McCormick*, 27 Iowa, 402; *State v. Watkins*, 27 Iowa, 415. The position of counsel is that, to constitute the crime of assault with intent to commit murder, the facts must be such that, if death had resulted, the crime would have been murder of the first degree; and this view was expressed by the district court in one of the instructions to the jury. But the position is not correct. Murder is the killing of a human being with malice aforethought, express or implied. Code, sec. 3848. Murder perpetrated by means of poison, or lying in wait, or when the killing is wilful, deliberate and premeditated, or is committed in the perpetration, or attempt to perpetrate, certain named felonies, is of the first degree, while murder otherwise committed is of the second degree. Secs. 3849, 3850. Wilfulness, or an intent to kill (except when the crime is committed in the perpetration or attempted perpetration of some of the felonies named), is an element of murder of the first degree. But the crime is not necessarily of that degree because the killing was wilful; for the elements of deliberation and premeditation may have been wanting, each of which is an essential element of that crime. An indictment charging a wilful killing, with malice aforethought,

would be good as an indictment for murder, but not for murder of the first degree. The crime denounced by section 3872 (under which this indictment was found) is assault with intent to commit murder. An intent to commit murder necessarily includes a specific intent to kill; but neither deliberation nor premeditation is an essential element of that crime, for neither is essential to murder. The elements of the crime are (1) the assault; (2) the specific intent to kill; and (3) malice aforethought. Each of these elements is charged in the indictment. In order, therefore, to sustain it as an indictment for assault with intent to commit murder, it is not necessary to go as far as this court went in *State v. Newberry*, 26 Iowa, 467, where it was held that an intent to commit murder necessarily comprehended all the elements of murder, and that an averment that the assault was with the intent to kill and murder was equivalent to charging that it was committed with malice aforethought.

II. It was contended that, when the court determined that the verdict of guilty of assault with intent

2. ——: verdict of guilty as charged: sentence for lesser offense.

to commit murder was not sustained, the defendant, as matter of right, was entitled to a new trial. But he could properly be convicted, under this indictment, of any offense less than that charged in express terms which is necessarily included in that charged. The verdict implies a finding by the jury (1) that defendant's act in firing the shot was unlawful; (2) that he committed the act with the intent to take the life of Ruby; and (3) that the act was committed with malice aforethought. But the court was of opinion that, while the finding as to the first of the two facts was sustained by the evidence, the element of malice aforethought was not proven. But that is not an element of assault with intent to commit manslaughter. Every element of that crime is found in the first two facts. As it is included in the charge, and as the verdict necessarily determines that defendant is guilty of that offense, judgment could properly be

pronounced against him, notwithstanding the determination that the finding as to the third fact was not sustained. The question is not different from that determined in *State v. Schele*, 52 Iowa, 608.

III. Defendant claimed that Ruby was the aggressor in the transaction, and that he was act-ing in the reasonable and lawful defense of his own person when he fired the shot. On the subject of self-defence, the court gave the following instruction:

3. ——: self-deiense: right and wrong rule stated in instruction: new trial.

"The law regards human life as the most sacred of all interests committed to its protection, and there can be no successful setting up of self-defense, *unless the necessity for taking human life, or assaulting with a weapon in a manner likely to produce death or great bodily injury, is actual, present, urgent—unless, in a word, the taking of his adversary's life, or making such assault upon him, is the only reasonable resort of the assailed to save his own life or his person from dreadful harm or severe calamity felonious in its character.* You should ascertain whether all the circumstances in evidence denote or show that Ruby intended to take the life of the defendant, or do him some enormous or dreadful bodily harm; or whether, from all the circumstances at the time surrounding the parties and attending the transaction, this was, to the defendant's reasonable apprehension, Ruby's intention. And if you so find that it was Ruby's intention, or whether it was, in fact, so or not, if to defendant's reasonable apprehension it was so, then defendant, in self-defense, might lawfully take the life of the assailant, or assault him with a weapon and in a manner likely to cause death."

The portion of the instruction which we have italicised is erroneous. Under it the right to take life, or to resort to the use of a deadly weapon in resistance of an assault, is made to depend on whether the assault is, in fact, felonious, and the danger actual and urgent. It can make no difference as to the effect of the instruction that the true rule is subsequently laid down, for with two conflicting and inconsistent rules given them for

their guidance, it can never be determined which the jury obeyed, or under which the verdict was found. In *State v. Shelton*, 64 Iowa, 333, we reversed the judgment for the reason that the trial court had given two inconsistent instructions to substantially the same effect.

Complaint is made of certain other instructions given by the court. Without setting these out, we deem it sufficient to say that we find no prejudicial error in them. One on the subject of circumstantial evidence might well have been omitted, as all the evidence in the case was of a direct character. But we can hardly conceive that defendant could have been prejudiced by it. For the error pointed out, the judgment must be

REVERSED.

ROBINSON, J. (*dissenting*).—I agree to the conclusion reached in the foregoing opinion, that the judgment of the district court should be reversed, but am unable to assent to the doctrine announced in its second division. The only authority which has been cited as sustaining it is the case of *State v. Schele.* That case seems to stand alone; and, if correct, it must be because of its peculiar facts. It seems to me that the right to a trial by jury in a criminal case necessarily includes the right to have the jury determine the offense of which they find the accused guilty. In cases where the offense charged does not include different degrees, a verdict of "guilty as charged" sufficiently designates the offense; but, where the indictment charges an offense consisting of different degrees, it is the statutory right and duty of the jury to designate the degree of the offense of which the accused is guilty. Code, secs. 4465, 4466. It is a general rule of practice, not only approved, but absolutely required, by numerous decisions of this court, for the trial court to instruct the jury fully in regard to the different degrees of the same offense, of one of which the person on trial may be convicted. *State v. Vinsant*, 49 Iowa, 243; *State v. Clemons*, 51 Iowa, 279; *State v. Glynden*, 51 Iowa, 465. In none of these cases was the right of the trial court to render

judgment for the punishment authorized for the offense which it found the evidence had established even suggested. On the contrary, this court said in *State v. Clemons, supra,* that "the degree of the crime is to be determined by the jury, and not by the court, and there can be but one rule in all cases." This seems to me to announce the correct rule. It will not do to say that defendant was not prejudiced because the punishment inflicted was not so great as that authorized by the verdict of the jury. It was his constitutional and statutory right to be tried, and to have his offense determined, by a jury, and to be made liable to that punishment only which their verdict showed to be authorized by law. If that verdict was contrary to the evidence, it was the duty of the court to set it aside and grant a new trial. Code, sec. 4489, par. 6. In my judgment, a court cannot inflict punishment in a case tried to a jury for an offense, or a degree of an offense, not designated by the verdict, without usurping a prerogative of the jury.

SEEVERS, C. J. (*concurring*).—I concur in the result reached in the foregoing opinion, but I neither assent to nor dissent from the rule stated in the second paragraph of the opinion of the court, because it is unnecessary to do so.