## STATE OF IOWA v. ROBERT LEE, Appellant.

**Evidence of Larceny:** "SWIPED" DEFINED: *Court and jury.* The statement of defendant, charged with stealing a watch from the person of the prosecutor, that he had "swiped" the watch from him. may be considered by the jury as a confession, as the court cannot hold, as a matter of law, that the word "swiped" does not ·mean ' stole."

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

### WEDNESDAY, APRIL 7, 1897.

THE defendant was indicted for the crime of larceny, in which he was charged with stealing a watch from the person of one Zodro. He was tried, found guilty, and sentenced to imprisonment for the term of eighteen months in the state penitentiary. He appeals.—*Affirmed.*

*Phillips, Ryan & Ryan* for appellant. ·

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

KINNE, C. J.—On the trial, one Elmer Smith testified on the part of the state that the "defendant said he had swiped the watch from John Zodro." The defendant asked the court to give the following instruction: "The alleged statement by the witness Elmer Smith 'that defendant said he had swiped this (or the) watch from John Zodro' cannot be considered as a confession of guilt by defendant under the indictment in this cause, even if you believe such a statement was made." The instruction was refused, and this ruling is the only error complained of. The defendant

relies upon the cases of *State v. Red*, 53 Iowa, 69 (4 N. W. Rep. 831); *State v. Knowles*, 48 Iowa, 598; *State v. Glynden*, 51 Iowa, 463 (1 N. W. Rep. 750). In *Red's Case* and *Glynden's Case* there was no confession of the crime itself, but only of certain facts; therefore, instructions as to the effect of a confession of the crime charged were held erroneous. In *Knowles' Case* the defendant was accused of the crime of forgery, and had admitted writing the name of the party whose name was charged to have been forged. It was held that that was not sufficient to authorize a conviction, in the absence of other proof that the crime had, in fact, been committed by some one. He might have had anthority to write the name. The cases are not applicable to the one at bar. If the word "swiped" meant "stole," the admission was of the criminal act itself. One definition of the word "swipe" is "to pluck, to snatch, to steal." Webster Int. Dict. Another is, "to take with a swipe, or sweep; steal by snatching, as to swipe a watch." Standard Dict. Clearly, the defendant had no right to insist that the court should instruct as a matter of law that the word "swiped" did not mean "stole," and in effect, that was what was sought to be accomplished by the instruction asked. There was no error in refusing the instruction. —AFFIRMED.