UNITED STATES v. LINNIER.

(Circuit Court, D. Nebraska.    September 28, 1903.)

No. 157.

1. CRIMINAL LAW—JUDGMENT—POWER OF COURT TO PRONOUNCE FOR LOWER OFFENSE.

In a criminal case in which a verdict has been returned finding the defendant guilty of a higher offense than was warranted by the evidence, the court has power to pronounce judgment thereon for such lower offense included in the one charged as the evidence warrants.

2. SAME—POWER TO ACCEPT PLEA OF GUILTY OF LOWER OFFENSE.

A verdict finding a defendant guilty of murder in the first degree, as charged in the indictment, was set aside by the court, and a new trial granted, on the ground that, under the evidence, defendant was guilty of manslaughter only. Subsequently, and at the same term of court, defendant offered a plea of guilty of manslaughter. *Held*, that the court had power to accept such a plea and render judgment thereon, notwithstanding the objection of the district attorney, since it still had power to vacate its order setting aside the verdict, and to render judgment for manslaughter thereon, as it, in fact, should have done in the first instance.

Indictment for Murder. On offer to file plea of guilty of manslaughter.

W. S. Summers, U. S. Atty., and S. R. Rush, Asst. U. S. Atty. J. M. Macfarland, for defendant.

McPHERSON, District Judge. The defendant was indicted for murder. The jury returned a verdict of guilty of murder, without capital punishment. The defendant filed a motion for a new trial, which a few days since was sustained, and a new trial granted. Thereupon defendant offered to file a plea of guilty of manslaughter, and allow the court to pronounce judgment thereon. All of the foregoing things occurred at the present term. The United States attorney objects to the court receiving such a plea, and objects to the court pronouncing judgment on such a plea. The questions now for determination are, what is the duty, and what the power, of the court in the matter?

I heard all the evidence in the case, having presided at the trial. While there are differences of opinion as to the case, I am entirely familiar with all its phases. And my knowledge and my beliefs, and mine only, must govern me in my actions. My views of the case are stated in an opinion filed in sustaining the motion for a new trial.

The United States attorney does not claim to have additional evidence. Under the theory of the prosecution, the government could not well have other evidence than what was introduced on the trial. He does say that "since the trial several suggestions have come to this office that lead me to believe the case has aggravating features, such as to justify a jury in returning a verdict of guilty of murder," etc. What these suggestions are, is not stated. By whom received, it is not stated. From whom received, can only be surmised. The court cannot act on statements so extravagantly hearsay, and when the author of the "suggestions" is not made known.

Briefly stated, my conclusions are that the defendant is guilty of manslaughter, and should be punished therefor, and that he is not guilty of murder, and should not be punished for that crime.

Having disposed of the question of what crime defendant is guilty under the indictment, and that he is not guilty of the higher crime of murder, the remaining question is, has the court the power or legal right to, and ought the court to, receive the plea of guilty of manslaughter, and pronounce judgment thereon?

State v. McCormick, 27 Iowa, 402–414: This case is one of the leading cases, if not the leading case, of the country, mapping out the distinction between murder at common law and murder of the first degree, as defined by statute. The defendant was convicted of murder in the first degree, and sentenced to death, which the evidence seemed to warrant. But the indictment was adjudged by the Iowa Supreme Court to only be good as a common-law indictment, and therefore only good for murder in the second degree, the punishment for which was life imprisonment, or for a term of years. The indictment not covering so high a crime as that of which he was convicted and sentenced by the district court, necessarily the judgment had to be set aside by the Supreme Court. A statute then in force in Iowa with reference to appeals in criminal cases provided, "It [the Supreme Court] may affirm, reverse, or modify the judgment, and render such judgment as the district court should have rendered." The Supreme Court of Iowa adjudged that, on the verdict of guilty of murder in the first degree, it would render judgment as for murder in the second

degree, because that was the judgment the district court should have rendered. The opinion was by Judge John F. Dillon, then Chief Justice of Iowa.

. State v. Schele, 52 Iowa, 608, 3 N. W. 632: In this case the defendant, and apparently over the objection of the district attorney, was sentenced for the crime of simple assault, in the face of a verdict for a higher crime, viz., an assault with intent to inflict a great bodily injury. The judgment was affirmed.

State v. Fields, 70 Iowa, 196, 30 N: W. 480: In this case the defendant was convicted of murder in the first degree. It was contended that the indictment was not good as covering that crime. The Supreme Court passed that question, but, with the consent of the Attorney General, rendered a judgment for the crime of manslaughter. This was done because the Supreme Court held that the evidence only showed the crime of manslaughter, and that the jury and the trial court were mistaken in holding it to be murder.

State v. Keasling, 74 Iowa, 528, 38 N. W. 397: In this case the defendant was convicted by the verdict of the jury of the crime of an assault with intent to commit murder. The court overruled his motion for a new trial, no doubt as contended for by the district attorney. But with the motion for a new trial overruled, the court sentenced him for a lesser crime, but which lesser crime was covered by the indictment. The Supreme Court affirmed the action of the trial court, with one judge dissenting, and another expressing no opinion on the point.

Com. v. Squire, 1 Metc. (Mass.) 258: The jury found the defendant guilty of doing an act feloniously. The court pronounced judgment as for a misdemeanor, and the judgment was affirmed.

Com. v. Mahar, 8 Gray, 469: The defendant was convicted of the crime of larceny from a room. The Supreme Court ordered the defendant to be sentenced for a simple larceny.

Sullivan v. State, 44 Wis. 595: The defendant was convicted of the crime of assault with intent to commit a great bodily injury. The case was reversed, with directions to the trial court to sentence him for assault. This, however, was done because of a defective verdict.

Anderson v. State (Neb.) 41 N. W. 951: In this case the defendant was convicted of murder in the first degree. On appeal the Supreme Court held the evidence only warranted a conviction for murder in the second degree, and the judgment was so modified as to be for murder in the second degree only. The Supreme Court did this by virtue of a statute. But such action was because it was that which the trial court should have taken.

State v. Watson (Wash.) 27 Pac. 226: The defendant was convicted on a verdict of the crime of assault with intent to murder, and he was sentenced to a term in the penitentiary. The Supreme Court reversed the case, with directions to pronounce the judgment as for a simple assault.

Simpson v. State (Ark.) 19 S. W. 99: The defendant was by the verdict of the jury and the judgment of the circuit court convicted of murder of the first degree. Because of the evidence, the Supreme Court reversed the case, with directions to the trial court to pronounce

judgment for murder in the second degree. The opinion cites with approval the Iowa cases I have referred to, and also the following: Hogan v. State, 30 Wis. 438, 11 Am. Rep. 575; Johnson v. Commonwealth, 24 Pa. 386.

Some of the cases cite the following, which I have not been able to examine: State v. Hupp, 31 W. Va. 355, 6 S. E. 919; State v. Hall, 108 N. C. 776, 13 S. E. 189.

Counsel for the government have submitted a brief on this question, but they fail to cite any case in conflict with the foregoing, and the points sought to be made do not meet the question, and I have not been able to find any case in conflict with the foregoing.

It can therefore be said that, instead of setting aside the verdict over the objections of both the United States attorney and the defendant, or of either, the court, on the verdict as it stood, because of the state of the evidence, could have pronounced, and it would have been the duty of the court to pronounce, judgment for manslaughter, provided, of course, the evidence shows the defendant to be guilty of manslaughter, and if there were no errors during the trial as to the crime. And the court having such power and such being its duty on a verdict, it is the more certain that a court can and should receive a plea of a lesser offense, and pronounce judgment thereon. Because the trial of the case was at this term, as was the order granting the new trial—the term not yet having adjourned—it would be entirely proper to vacate the order granting a new trial, and then pronounce judgment on the verdict, but pronounce judgment for manslaughter. This authority is recognized in the following civil cases: Memphis v. Brown, 94 U. S. 715, 24 L. Ed. 244; Barrell v. Tilton, 119 U. S 637, 7 Sup. Ct. 332, 30 L. Ed. 511; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 997. And in the following criminal cases: State v. Daugherty, 70 Iowa, 439, 30 N. W. 685; Com. v. Weymouth, 2 Allen, 144, 79 Am. Dec. 776; Ex parte Lange, 18 Wall. 163, 167, 21 L. Ed. 872. And the following cases are cited, which I have not examined: United States v. Harmison, 3 Sawy. 556, Fed. Cas. No. 15,308; Rex v. Price, 6 East, 323. And such was the rule at common law. Freeman on Judgments (4th Ed.) § 69. As to this rule there can be no doubt. Therefore this court at this time has the power and the right to vacate the order granting a new trial, and then pronounce such judgment for such degree of crime as is covered by the indictment, or (the form not being material) the order granting a new trial can stand, and a plea be filed, and the judgment rendered thereon. The result is the same, excepting that in the latter case the defendant is absolutely bound by it. And the question is in no way met by the fact that the United States attorney objects to a judgment for manslaughter. Such objection is, in a measure, persuasive, but not in the slightest degree legally controlling. I do not speak lightly of the office of United States attorney. But it is the duty of that officer to prepare such indictments as ordered by the grand jury. When the indictment is returned, then it is his duty to move to dismiss, if he believes such order should be entered, or, if he believes otherwise, it is his duty to prosecute the case. In the case at bar he and his assistant have prosecuted the case, and to the fullest extent have performed

that duty. They now, as they have the right, ask for another trial. That is their judgment, but in which they are mistaken. And their opinion, no more than the opinion of defendant's counsel, can control. Both can and should urge their beliefs, supporting the same as best they can by argument and by authority. But the motion of neither is jurisdictional, and the argument of either one, in any case, can only be intended as persuasive. The United States attorney has no lawful power to have the grand jury return an indictment, nor direct what degree of crime shall be charged, nor say under what statute the case shall be prosecuted. The language of Justice Harlan in the opinion of Williams v. United States, 168 U. S. 382, 389, 18 Sup. Ct. 92, 94, 42 L. Ed. 509, is pertinent:

"It is said that these indictments were not returned under that statute, and that the above indorsement on the margin of each indictment shows that the district attorney of the United States proceeded under other statutes, that did not cover the case of extortion committed by a Chinese inspector under color of his office. It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin of the indictment constitutes no part of the indictment, and does not add to' or weaken the legal force of its averments. We must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute."

The United States attorney legally cannot prevent the return of an indictment. It is not material, either, that he prepares it or signs it. On his own motion he can file a bill of particulars, or the court may direct him to file it. But when filed it is no part of the indictment. And the United States attorney cannot amend an indictment by adding to or taking from it a word, even with the approval of the court. Ex parte Bain, 121 U. S. 1, 7 Sup. Ct. 781, 30 L. Ed. 849. It is and must be the work of the grand jury, and, when indorsed by the foreman and presented in open court in the presence of his fellow members, need have and can have no other evidence of its verity. The United States attorney cannot dismiss a criminal case. He may move to dismiss, but it is the judgment of the court only that can dismiss the case. He can make no valid agreement as to what the judgment shall be, either on a plea or verdict of guilty. All these things, as done by the court, must be done by the judge presiding, and he is alone answerable, excepting only his errors of law may be corrected by the appellate tribunals.

Therefore the defendant being guilty of manslaughter, and of that only, in the judgment of the court, the defendant will be permitted to file a plea of guilty of manslaughter, and on that plea the judgment of the court will be pronounced.