STATE of Iowa, Petitioner,

v.

Honorable B. C. SULLIVAN, Judge of the 2nd Judicial District of Iowa, Respondent.

No. 55922.

Supreme Court of Iowa.

Feb. 20, 1974.

Richard C. Turner, Atty. Gen., and Ike Skinner, Asst. Atty. Gen., for petitioner.

Boyle, Schuler & Oltrogge, Clear Lake, for respondent.

Submitted to MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

This is an original certiorari proceeding challenging the legality of respondent-judge's order sentencing a defendant for a lesser crime than that of which the jury found him guilty. We sustain the writ and remand case for resentencing.

On April 24, 1972 a county attorney's information was filed in Hancock County charging Wayne Glenn Knutson, inter alia, with the crime of kidnapping for ransom in violation of Code section 706.3 which provides punishment by life imprisonment.

In addition to returning verdicts of guilty of assault with intent to commit a felony and of sodomy, the trial jury on July 26, 1972 returned the following verdict:

"We, the jury, find the defendant, Wayne Glenn Knutson, guilty in that he

did kidnap and detain Vicki Lynn Sullivan with the intent of receiving a thing of value as a ransom or price for her liberation."

On August 16, 1972 Knutson came before the Honorable B. C. Sullivan, respondent-judge here, for sentencing. The record of the proceeding includes the following:

"THE COURT: The presentence investigation shows that you have been involved with sex offenses before. The threats that you made at the time of your arrest that you were going to kill the person that had anything to do with this is such that I would be derelict in my duty if I even considered probation. I want to tell you at the outset that I am not considering probation, you understand that? MR. KNUTSON: Yes sir.

"THE COURT: I want to say to you that the court has given a great deal of prayerful thought in line with what the county attorney has just said, even though I am trying exceedingly hard to give you justice, that I have to consider the rights of society in general.

"You have been convicted of three offenses by a jury of good citizens of Hancock County. You are a young man eighteen years of age. You have been convicted of offenses which I could impose a penalty that you would spend the rest of your life at hard labor in the penitentiary and that you could not be free. You could not be paroled from those offenses or sentences until a governor should want to commute the sentence from a life sentence to a term of years.

"Frankly the Supreme Court said in one case that I was a sympathetic trial judge and I find myself feeling that way this morning.

"I want to say to you that the kidnapping for ransom is a charge which carries a mandatory life sentence at hard labor. My submitting that charge to the

jury was done so with legal authority, not by any supreme court decision of the State of Iowa but by a supreme court decision of the State of New York which held that the forcing of a woman to commit an unlawful act was a thing of value and that while our Iowa Supreme Court had not ruled on the question of whether kidnapping for ransom could be done by the performing of an illegal act rather than money. I realize that while our Iowa Court has not ruled on it, I am sure they would follow the ruling of the State of New York, and I am not ready to admit that I was in error in submitting the more serious offense of kidnapping for ransom, but I believe in the interests of justice and doing everything in my power to give you a fair trial, I have decided that I am going to reduce the charge of kidnapping for ransom and sentence you under the included offense of kidnapping, which carries a lesser sentence than kidnapping for ransom."

Respondent then sentenced Knutson to serve a term not to exceed five years upon his conviction for assault with intent to commit a felony; a term of not to exceed ten years on the conviction for sodomy and a term not to exceed five years for the crime of kidnapping in violation of Code section 706.1. It was further ordered the sentences run consecutively and that Knutson be committed to the penitentiary at Fort Madison. Respondent-judge pronounced no sentence for the crime of kidnapping for ransom based on the jury's verdict concerning which respondent-judge found no error.

At the State's request we ordered issuance of a writ of certiorari. The common-law right of the State to review by certiorari in criminal cases under certain circumstances is well established. State v. Holliday, Iowa, 169 N.W.2d 768, 771; State v. Eads, Iowa, 166 N.W.2d 766, 768; State v. Rees, 258 Iowa 813, 816, 139 N.W.2d 406, 408 and citations.

In urging illegal action justifying this certiorari review the State contends re-

spondent-judge, without any pending motion, acted illegally as he had no authority to reduce an offense of which Knutson had been found guilty by the jury.

■ The State argues that in effect respondent-judge entered a judgment notwithstanding the verdict and thereby acted illegally. We agree. Under the criminal practice of this State there is no such motion. State v. Deets, Iowa, 195 N.W.2d 118, 124; State v. Stennett, 220 Iowa 388, 395, 260 N.W. 732, 736. See also Code section 789.7 and 789.9.

■ Respondent-judge's act of reducing Knutson's conviction from kidnapping for ransom to kidnapping, if allowed to stand, is tantamount to a jury verdict on the lesser offense and an acquittal of the greater offense. Obviously if on appeal Knutson's conviction is reversed the result would be retrial on the lower offense only. It is the well-settled rule in this State that the conviction or acquittal of a lower degree of any offense in the crime is a bar to a subsequent prosecution for the higher. State v. Coleman, 226 Iowa 968, 976, 977, 285 N.W. 269, 273; State v. Rhone, 223 Iowa 1221, 1222, 275 N.W. 109, 110; State v. Smith, 217 Iowa 825, 826, 253 N.W. 130, 131, and citations. See also Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300; 22 C.J.S. Criminal Law § 284; 21 Am.Jur.2d, Criminal Law, § 212; Annot., 61 A.L.R.2d 1141.

■ After return of a guilty verdict in a criminal prosecution the trial court is without authority to enter an acquittal. The trial court's power is restricted statutorily to the grant of a new trial or arrest of judgment, otherwise to the entry of a lawful judgment. State v. Deets, Iowa, 195 N.W.2d 118, 124 and citations.

■ We hold respondent-judge acted illegally. Sincere sympathy is no ground to change a jury verdict. Under the record it was the duty of respondent-judge to pronounce sentence and enter judgment consistent with the provisions of Code section 706.3.

Respondent's counsel (Knutson's trial counsel) cites and relies on State v. Keasling, 74 Iowa 528, 38 N.W. 397 (1888) and State v. Schele, 52 Iowa 608, 3 N.W. 632 (1879). Both are readily distinguishable from the case at bar. The record in Schele is most difficult to follow in the court's brief opinion. Apparently in considering a motion for new trial and arrest of judgment, after a jury verdict finding defendant guilty of assault with intent to do great bodily injury, the trial judge overruled the motions and found the verdict necessarily included a finding defendant was guilty of the included offense of assault only. Defendant was sentenced for assault only and appealed. On appeal defendant did not attack the court's power to reduce the offense but contended under the record the verdict should have been set aside in toto. Defendant's conviction was affirmed.

In Keasling defendant's conviction was reversed because of an erroneous instruction. However, the majority opinion held the trial court could sentence defendant on a lesser included offense when the trial court in considering a motion for new trial found the evidence was insufficient to prove an element of the greater offense. The only cited authority was Schele. A strong dissent pointed out the trial court should have granted a new trial.

This court has not cited or relied on the above holdings since Keasling. To the extent Schele and Keasling are contrary to our holding here and in State v. Deets, supra, they are overruled.

The writ of certiorari is sustained. The order of respondent-judge sentencing Knutson under Code section 706.1 is reversed. This matter is remanded to the trial court for sentencing of Knutson under the provisions of Code section 706.3.

Writ sustained and case remanded.